UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; *et al.*<br><br>*Defendants*. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole |

**MOTION FOR LEAVE TO FILE UNDER SEAL AND EX PARTE**

Pursuant to Local Rule 7.2, Plaintiffs Maria L. and Nancy M. (collectively, "Plaintiffs") hereby move to file under seal the Declaration of Charles Moore (the "Moore Declaration"), submitted in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Stay of Detention and Deportation of Plaintiffs Maria L. and Nancy M. Pursuant to 8 U.S.C. § 705 and the All Writs Act. *See* ECF No. 35-1. As grounds for this motion for leave to file the Moore Declaration under seal and *ex parte*, Plaintiffs submit that disclosure of certain information included in that declaration—specifically, the date of Plaintiff Nancy M.'s check-in with Defendant Immigration and Customs Enforcement ("ICE")—would potentially subject Ms. M. to significant harm, including detention and removal from the United States. Accordingly, Plaintiffs request leave to file a redacted version of the Moore Declaration on the public docket. Plaintiffs also request leave to submit the unredacted version of the Moore Declaration for *ex parte* review, consistent with Plaintiffs' prior request that the Court limit disclosure of Plaintiffs' true identities and personally identifying information to only counsel for Defendants. *See* ECF No. 4; ECF No. 5; ECF No. 30.

1

Upon a showing of "good cause," the court may impound materials "until further order of the court . . . and restricted from public access." Local Rule 7.2(a). While court filings are presumptively public, "the public's right to access . . . is not unfettered." *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). "[W]hen a party requests a seal order, . . . a court must carefully balance the competing interests that are at stake in the particular case." *Id.* at 10. Where there is "potential harm" to the party, the balance may favor sealing. *See Dahl v. Bain Capital Partners, LLC*, 891 F. Supp. 2d 221, 225 (D. Mass. 2012).

Permitting Plaintiffs to file the Moore Declaration under seal is appropriate here to protect Plaintiff Nancy M. against significant potential harm if her identity was revealed, which could put her at significant risk of detention and deportation. *See* ECF No. 5 at 4–9. Specifically, the date of Ms. M.'s check-in with ICE could be used to identify her both to the public and to Defendants. At present, Defendants have not agreed to be bound by a protective order. ECF No. 30. In the absence of such an order, such information that may identify Plaintiffs should be submitted to the Court e*x parte*. Once a protective order is in place, Plaintiffs will disclose the information submitted *ex parte* to counsel for Defendants.

Accordingly, Plaintiffs request that they be granted leave to (1) submit a redacted version of the Moore Declaration for the public record and (2) submit the unredacted version to the Court *ex parte*. Plaintiffs ask that the unredacted declaration be impounded *ex parte* until such time as the Court rules on Plaintiffs' motion to treat their identifying information as highly confidential, ECF No. 4, and until such time as a protective order is entered protecting Plaintiffs' identifying information, ECF No. 30.

Dated: January 7, 2025

Hasan Shafiqullah[*]
Evan Henley (BBO No. 688663)
The Legal Aid Society
49 Thomas Street, Floor 5
New York, NY 10013
(212) 577-3300
HHShafiqullah@legal-aid.org
EWHenley@legal-aid.org

Richard Caldarone[*]
Refugee and Immigrant Center for
Education and Legal Services (RAICES)
P.O. Box 786100
San Antonio, TX 78278
(210) 960-3206
richard.caldarone@raicestexas.org

David Bennion[*]
Free Migration Project
426 E. Allegheny Ave, Unit 306
Philadelphia, PA 19134
(646) 441-0741
david.bennion@freemigrate.org

Ranganath T. Sudarshan[*]
Stephen Rees[*]
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
srees@cov.com

Addison Thompson[*]
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
athompson@cov.com

*Counsel for Plaintiffs*

Respectfully submitted,

*/s Charles Moore*
Charles Moore (BBO No. 708061)
Mariam Elbakr[*]
Shelby Leighton[*]
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 861-5226
cmoore@publicjustice.net
melbakr@publicjustice.net
sleighton@publicjustice.net

Alina Das[*]
Ajay Singh[†]
Ximena Valdarrago[†]
NYU Immigrant Rights Clinic
Washington Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430
alina.das@nyu.edu
as11021@nyu.edu
xfv201@nyu.edu

Leila Nasrolahi[*]
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
lnasrolahi@publicjustice.net

Joy Chen (BBO No. 714192)
Covington & Burling LLP
One International Place, Suite 1020
Boston, MA 02110
(617) 603-8800
jchen@cov.com

[*] admitted pro hac vice
[†] law student rendering assistance pursuant to Local Rule 83.5.4(k)

3

**LOCAL RULE 7.1(a)(2) CERTIFICATE OF COMPLIANCE**

I hereby certify that on January 7, 2025, counsel for Plaintiffs conferred by email with counsel for Defendants in a good faith effort to narrow or resolve the relief requested by this motion. As of this filing, Defense counsel has not responded to Plaintiffs' request for Defendants' position on this motion.

<i>/s Charles Moore</i><br>
Charles Moore