IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*, <br><br>         Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, *et al.*, <br><br>         Defendants. | Case No. 1:25-cv-13471 <br> Judge George A. O'Toole, Jr. |

**FEDERATION FOR AMERICAN IMMIGRATION REFORM'S UNOPPOSED MOTION FOR LEAVE TO FILE AN *AMICUS* BRIEF IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY AGENCY ACTION**

Matthew James O'Brien
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
Telephone: (202) 328-7004
Fax: (202) 387-3447
mobrien@fairus.org

Attorney for *Movant*
Federation for American Immigration Reform

Federation for American Immigration Reform (FAIR), by and through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 7 for leave to file an *amicus curiae* brief in the above-captioned matter in support of Defendants and in opposition to Plaintiffs' motion to stay agency action. FAIR's proposed *amicus* brief is attached to this motion. Counsel for *amicus* has conferred with counsels for all parties. Plaintiffs have indicated that they do not oppose this Motion and the Defendants have consented. In furtherance of this motion, *amicus* FAIR states as follows:

1. FAIR is a nonprofit corporation and membership organization that was founded in 1979 and has its principal place of business in Washington, D.C. FAIR's mission is to inform the public about the effects of both unlawful and lawful immigration, and to defend American citizens, American workers, and the nation's environment by limiting overall immigration, enhancing border security, and ending illegal immigration. FAIR has been involved in more than 100 legal cases since 1980, either as a party or *amicus curiae*, with the aim of protecting all Americans against the substantial harms of mass migration and illegal immigration. The decision in this case will likely have an impact on the ability of the federal government to identify and deal efficiently, fairly, and safely with an illegal alien population estimated to exceed 18 million people in the United States. For these reasons, FAIR has direct interests in the issues here.

2. "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus*

1

briefs can be looked to in support of IRLI's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

      3.      FAIR's proffered brief will bring the following relevant matters to the Court's attention:

- Congress made the fines at issue in this case mandatory. The government's interim final rule (IFR) merely harmonizes the regulations with the law; and
- Plaintiffs seek equitable relief from fines even though they are deliberately engaging in misconduct—disregarding final orders of removal—that they have every intention of continuing. The unclean hands doctrine prevents courts from countenancing requests for equitable relief when the plaintiffs are committing such relevant, willful misconduct.

4.       Because these issues are relevant to this Court's decision on Plaintiffs' motion for a stay, FAIR's brief may aid the Court.

For the foregoing reasons, FAIR respectfully requests that the Court grant this Motion for Leave to file the accompanying brief as *amicus curiae*.

| | |
|---|---|
| Dated: January 12, 2026 | Respectfully submitted, |
| | /s/ Matthew J. O'Brien |
| | Matthew James O'Brien |
| | Federation for American Immigration Reform |
| | 25 Massachusetts Ave., NW, Suite 330 |
| | Washington, DC 20001 |
| | Telephone: (202) 328-7004 |
| | mobrien@fairus.org |
| | |
| | Attorney for *Movant* |
| | Federation for American Immigration Reform |

## **CERTIFICATE OF CONFERRAL**

I hereby certify that Counsel for *Amicus* FAIR has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. Plaintiffs have indicated that they do not oppose it.

Dated January 12, 2026          /s/ Matthew J. O'Brien
                                                 Matthew James O'Brien

                                                 Attorney for *Movant*
                                                 Federation for American Immigration Reform

**CERTIFICATION OF SERVICE**

    I hereby certify that on January 12, 2026, a true copy of the above document, along with any exhibits, filed through the CM/ECF system, will be sent electronically to the registered participants of record as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                    /s/ Matthew J. O'Brien
                                                    Matthew James O'Brien