UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, *et al.*<br><br>    *Defendants*. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole<br><br>Hon. Myong J. Joun (Emergency Motions Judge)<br><br>Leave to File Granted on January 14, 2026 (ECF No. 44) |

**PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND STAY OF DETENTION AND DEPORTATION OF PLAINTIFFS MARIA L. AND NANCY M. PURSUANT TO 5 U.S.C. § 705 AND THE ALL WRITS ACT**

Plaintiffs submit this reply in support of their Emergency Motion for a Temporary Restraining Order and Stay of Detention and Deportation of Plaintiffs Maria L. and Nancy M. Pursuant to 5 U.S.C. § 705 and the All Writs Act, ECF No. 34, to briefly address two arguments raised in Defendants' Opposition ("Opp."), ECF No. 39.

*First*, Defendants argue that "[t]he Court lacks jurisdiction to stay Plaintiffs' removal because 8 U.S.C. § 1252(g) plainly bars any attempt to challenge the 'execution' of a final order of removal, and sections 1252(a)(5) and (b)(9) channel all judicial review of final orders of removal into a single petition for review proceeding before a circuit court of appeals." Opp. at 3. Defendants are incorrect, and their argument has been repeatedly rejected by courts across the nation.

Stays under the APA or the All Writs Act are not subject to the jurisdiction-stripping provisions of 8 U.S.C. § 1252 because they are not "creature[s] of immigration law." Br. at 8 n.2, ECF No. 35 (quoting *Ragbir v. United States*, 2018 WL 1446407, at *1 (D.N.J. Mar. 23, 2018)). *Ragbir* is just one in a long line of cases holding that temporary stays under the APA or the All Writs Act, "put in place while the actual cause or claim is being adjudicated," are not subject to

Section 1252 because they are not "a challenge to the basis of removal or any action taken by the immigration authorities." 2018 WL 1446407, at *8. Other courts have followed suit, including in this district. *See, e.g.*, *Patel v. Hyde*, 2025 WL 3169875, at *1 (D. Mass. Nov. 12, 2025) ("The government first challenges the court's jurisdiction, arguing that Patel (in effect if not in name) seeks to stay execution of a removal order in violation of 8 U.S.C. § 1252(g). The court is not convinced. At bottom, Patel does not challenge the government's discretionary decision to execute a removal order; he challenges the government's refusal to honor USCIS's prior (unrevoked) grant of deferred action."); *Leuthavone v. Salisbury*, 2025 WL 1135588, at *1 (D.R.I. Apr. 17, 2025) ("While section 1252 channels judicial review of removal orders to the courts of appeals, Mr. Leuthavone is not asking this Court to review or invalidate his removal order currently. Instead, he seeks a temporary stay to allow his collateral attack on a state conviction (via § 2254) to be heard. So, the relief requested is independent of, or wholly collateral to, the removal process and thus falls outside the scope of § 1252's jurisdiction-stripping provisions." (cleaned up)).[1] In other words, Plaintiffs are not challenging the government's decision to remove them, but rather are asking for a temporary stay of any such removal under the APA and the All Writs Act.

---

[1] *See also Garcia v. Noem*, 2025 WL 3257553, at *2 (W.D. Wash. Nov. 22, 2025) ("The Court has jurisdiction to hear the two additional APA claims to the extent they argue that the bona fide determination should have been made prior to ICE deciding on Plaintiff's request to stay removal. . . . [T]he Court concludes 8 U.S.C. § 1252(g) does not bar jurisdiction because the claims are characterized as collateral legal challenges that present purely legal questions that do not challenge Defendant's discretionary authority, even though the answer to the legal questions may form the backdrop against which the Defendants may later exercise discretionary authority." (cleaned up)); *Munoz Materano v. Arteta*, 2025 WL 2630826, at *10 (S.D.N.Y. Sept. 12, 2025) ("Section 1252(g) does not bar the Court from exercising jurisdiction over Munoz Materano's claim that [r]espondents violated his constitutional due process rights and the INA . . . because Munoz Materano does not seek to challenge the Attorney General's substantive use of discretion." (quotation omitted)); *Oliveira v. Edlow*, 2025 WL 3492110, at *9 (D. Mass. Dec. 4, 2025) (rejecting government's argument that Section 1252(g) stripped district court of jurisdiction to hear plaintiffs' claims challenging DHS's revocation of a deferred action program, because "Plaintiffs challenge DHS's issuance of the 2025 Policy and, by extension, its rescission of the 2021 Policy. These are not 'decision[s] or action[s] ... to execute removal orders.'" (quoting 8 U.S.C. § 1252(g))).

*Second*, Defendants' arguments that Plaintiffs have not met the factors for a TRO miss the mark. Defendants argue that Plaintiffs are trying to "have it both ways" by claiming that they were assessed excessive fines by Defendants without Defendants first finding that they were willfully violating their final orders of removal while also asking the Court to temporarily stay their removal to preserve the status quo and ensure this Court can maintain integrity over this proceeding. *See* Opp. at 1. But these are not mutually exclusive. At no point prior to assessing its arbitrary and unconstitutional fees did Defendants find—as they were required to—that Plaintiffs had willfully violated their final orders of removal. *See* Mem. in Support of Mot. to Stay at 5–18, ECF No. 20. Moreover, Defendants mischaracterize the relief that Plaintiffs are seeking in this case, claiming that Plaintiffs have not shown a likelihood of success "that they should not be subject to removal." Opp. at 7. Plaintiffs are *not* challenging their removal orders in this action but rather are asking the Court to use its power to temporarily maintain the status quo while Plaintiffs' claims regarding Defendants' unlawful imposition of fees are adjudicated.

As to irreparable harm, Defendants fail to acknowledge that Defendants could seek to deport Plaintiffs at any moment, which itself would constitute irreparable and irreversible harm.[2] Crucially, Defendants do not disavow that any retaliatory removal is imminent once Defendants are in possession of Plaintiffs' true identities. Instead, they simply assert that they cannot *now* retaliate. Once the Court enters the protective order Plaintiffs requested, ECF No. 30—to which Defendants only assented after the Court ordered a response to the instant motion, ECF No. 38—Defendants will have Plaintiffs' identities. Defendants' failure to deny the threat of retaliation itself concedes such harm is indeed actual and imminent.

---

[2] Defendants disingenuously assert that an alleged delay in bringing the motion is "fatal to any irreparable harm analysis." Opp. at 7. As Plaintiffs noted, the timing of the instant request is due to Plaintiff Nancy M.'s upcoming check-in with ICE, at which time she faces significant risk of detention and deportation. Defendants' citation to a trademark infringement case involving a nearly ten-year delay is of no moment here. *See Voice of the Arab World, Inc. V. MDTV Med. News Now, Inc.*, 645 F.3d 26, 35 (1st Cir. 2011).

Finally, the equities and public interest support Plaintiffs, as Defendants' unsupported assertion of governmental harm in being temporarily prevented from enforcing Plaintiffs' removal orders is scant in comparison to Plaintiffs' constitutional interests and the irreparable harm of detention and removal. *See* Br. at 9–12. Any particular interest Defendants have in enforcing removal orders against these two individuals *now that they have become plaintiffs in this lawsuit* is nonexistent. Defendants know the identities of every individual they have fined, and Defendants have served them with fines rather than executing their removal orders. Now that Plaintiffs, two individuals out of tens of thousands to receive such fines, have come forward to challenge the fines as unlawful, Defendants cannot claim that they are being harmed from not deporting Plaintiffs before they have the opportunity to pursue their challenge to the fines. Nor will the government be permanently "prevented from enforcing the immigration laws enacted by Congress," Opp. at 9, given that Plaintiffs are requesting only a temporary stay.

The Court has jurisdiction to grant Plaintiffs' requested relief, and Plaintiffs have established all factors supporting relief. Like the courts in *A.C.R. v. Noem*, --- F. Supp. 3d ----, 2025 WL 3228840 (E.D.N.Y. Nov. 19, 2025) and *Du v. United States Dep't of Homeland Sec.*, 2025 WL 1220254 (D. Conn. Apr. 28, 2025), which stayed removals for named plaintiffs while their class actions proceeded, this Court should temporarily stay Plaintiffs' detention and removal for fourteen days and, after a hearing on this motion, stay their detention and removal during the pendency of this proceeding.

Dated: January 9, 2026

Hasan Shafiqullah[*]
Evan Henley (BBO No. 688663)
The Legal Aid Society
49 Thomas Street, Floor 5
New York, NY 10013
(212) 577-3300
HHShafiqullah@legal-aid.org
EWHenley@legal-aid.org

Richard Caldarone[*]
Refugee and Immigrant Center for
Education and Legal Services (RAICES)
P.O. Box 786100
San Antonio, TX 78278
(210) 960-3206
richard.caldarone@raicestexas.org

David Bennion[*]
Free Migration Project
426 E. Allegheny Ave, Unit 306
Philadelphia, PA 19134
(646) 441-0741
david.bennion@freemigrate.org

Ranganath T. Sudarshan[*]
Stephen Rees[*]
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
srees@cov.com

Addison Thompson[*]
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
athompson@cov.com

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ Charles Moore
Charles Moore (BBO No. 708061)
Mariam Elbakr[*]
Shelby Leighton[*]
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 861-5226
cmoore@publicjustice.net
melbakr@publicjustice.net
sleighton@publicjustice.net

Alina Das[*]
Ajay Singh[†]
Ximena Valdarrago[†]
NYU Immigrant Rights Clinic
Washington Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430
alina.das@nyu.edu
as11021@nyu.edu
xfv201@nyu.edu

Leila Nasrolahi[*]
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
lnasrolahi@publicjustice.net

Joy Chen (BBO No. 714192)
Covington & Burling LLP
One International Place, Suite 1020
Boston, MA 02110
(617) 603-8800
jchen@cov.com

[*] admitted pro hac vice
[†] law student rendering assistance pursuant to Local Rule 83.5.4(k)

1