**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSSETS**

| | |
|---|---|
| MARIA L., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, *et al.*,<br><br>*Defendants*. | No. 1:25-cv-13471-GAO |

## <u>DEFENDANTS' PARTIALLY OPPOSED MOTION TO CONTINUE OR, IN THE ALTERNATIVE, EXTEND THEIR RULE 12 DEADLINE</u>

Defendants respectfully move to continue their deadline to respond to Plaintiffs' complaint, ECF No. 1. Defendants' response is due on January 26, 2026. For good cause and to serve the interests of judicial economy, Defendants ask the Court to continue that deadline until 30 days following the Court's forthcoming ruling on Plaintiffs' Motion to Stay Agency Action, ECF No. 19. This is Defendant's first request for an extension or continuance of their Rule 12 response deadline. Undersigned counsel have conferred with Plaintiffs' counsel as to this request, and counsel have indicated that Plaintiffs would oppose Defendants' larger request for a continuance, but would agree to an alternative request for a ten-day extension from the Court's resolution of this motion.

The Court should grant the requested continuance for at least three reasons. First, the parties have completed briefing on Plaintiffs' Motion to Stay Agency Action, and the Court's forthcoming ruling will substantially affect briefing on Defendants' anticipated motion to dismiss. For example, Defendants' briefing addressed Plaintiffs' likelihood of success on the merits and many central issues presented by the complaint. Continuing the

1

Rule 12 response deadline would permit Defendants the opportunity to incorporate the Court's forthcoming ruling into their response to the complaint in the first instance, rather than duplicating substantial merits briefing while the stay motion remains pending. Likewise, the Court's forthcoming order may narrow the issues for further litigation and inform the parties' positions going forward.  A continuance would thus promote orderly and efficient litigation, allows Defendants to prepare a complete and informed response in light of the Court's guidance, and conserve party and judicial resources.

Second, undersigned counsel would require additional time in any event to prepare dispositive-motion briefing adequate to assist the Court in resolving the claims presented by Plaintiffs' complaint.  Since service of the complaint on November 28, 2025, undersigned counsel for Defendants have been required to focus their attention on preparing an expedited response to Plaintiffs' Motion to Stay Agency Action, ECF No. 19, Motion for Class Certification, ECF No. 21, and Emergency Motion for a Temporary Restraining Order and Stay of Detention and Removal of the two named Plaintiffs, ECF No. 34.  Allowing the additional time requested would permit undersigned counsel to turn their attention to preparation of such briefing.

Finally, Defendants anticipate that they will need to seek the Court's assistance in resolving a matter that has complicated their ability to assess the case and their potential defenses on the merits of Plaintiffs' claims. Since the outset of litigation, this litigation has been governed by a Protective Order, ECF Nos. 30, 40, that limits the dissemination of personally identifiable information ("PII") of the two named Plaintiffs within the Defendant Agencies.  As a practical matter, the Protective Orders' terms are ambiguous as to the procedure by which the Defendants may seek Plaintiffs' approval for Agency

personnel to be granted access to Plaintiff PII. To date, the parties have been unable to reach agreement as to the meaning of the terms in the Court-entered Protective Order, *see* ECF Nos. 30 & 40, including the Protective Order's applicability to the Court's order to stay the detention and removal of named Plaintiffs, ECF No. 40. Undersigned counsel have thus been required to devote significant time and attention to resolving that dispute. Defendants' first attempted to address these issues through good faith meet-and-confer efforts, but those efforts have not resolved the parties' disagreements. Accordingly, Defendants anticipate the need to seek modification or clarification of the terms of the Protective Order and are working on a separate motion to that effect. Combined, these efforts have further diverted agency and counsel resources from preparing Defendants' response to the complaint. In addition, because agency counsel and staff do not yet have access to the Plaintiffs' PII needed to locate and review the administrative histories of the two named Plaintiffs, Defendants cannot complete the factual investigation necessary to assess the allegations and shape the arguments that will be presented in Defendants' response.

For those reasons, Defendants respectfully request that the Court continue their Rule 12 deadline to 30 days after the Court's ruling on Plaintiffs' Motion to Stay Agency Action, ECF No. 19. Alternatively, should the Court deny that requested continuance, Defendants respectfully request that the Court grant Defendants 10 days from the date of its ruling on this motion, to which Plaintiffs have consented.[1]

---

[1] As noted above, following a meet-and-confer process, Plaintiffs indicated that they would oppose Defendants' request for a 30-day continuance from the Court's ruling on Plaintiffs' Motion to Stay Agency Action, but do not oppose Defendants' alternative request for a 10-day extension from the Court's ruling on this motion.

Dated: January 22, 2026      Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel
Federal Programs Branch

*/s/  Alexander Severance*
ALEXANDER SEVERANCE (KS Bar No 27618)
*Trial Attorney*
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC  20005
Tel: (202) 598-3123
Email: alexander.j.severance@usdoj.gov

4

## **CERTIFICATE OF SERVICE**

I, Alexander J. Severance, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Alexander Severance*
Alexander J. Severance

Dated: January 22, 2026                    Trial Attorney

1