**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS**

MARIA L., *et al.*,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official
capacity as Secretary of the Department of
Homeland Security, *et al.*,

*Defendants*.

No. 1:25-cv-13471-GAO

**DEFENDANTS'[1] OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL EXPEDITED PRODUCTION OF THE
ADMINISTRATIVE RECORD**

---

[1] The complaint names as a Defendant Kristi Noem in her official capacity as then-Secretary of Homeland Security and Pam Bondi in her official capacity as then-Attorney General. Under Federal Rule of Civil Procedure 25(d), Markwayne Mullin, current Secretary of Homeland Security, and Todd Blanche, current Acting Attorney General, are automatically substituted as Defendants.

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

PROCEDURAL BACKGROUND ........................................................................................... 2

LEGAL STANDARD ............................................................................................................... 4

ARGUMENT ............................................................................................................................. 4

I.      **Plaintiffs' Motion is Premature Because Defendants' Forthcoming Rule 12 Motion Will Challenge this Court's Jurisdiction Over All Claims Related to 8 U.S.C. § 1229c.**. .............................................................................................. 4

II.     **Defendants' Rule 12 Motion Will Challenge Plaintiffs' Constitutional Claims under the Seventh and Eighth Amendment as Legally Insufficient on the Face of the Complaint.** ................................................................................. 6

III.    **The Ongoing Rulemaking Process Confirms that Compelling Record Production Now is Premature.** ................................................................. 7

IV.    **Plaintiffs Have Not Shown Good Cause Under *Roe v. Mayorkas*.** ....................... 8

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ....................................................................................................6

*Atieh v. Riordan,*
  727 F.3d 73 (1st Cir. 2013) ................................................................................ 1, 6, 7

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................................6

*Jimenez v. Nielsen,*
  326 F.R.D. 357 (D. Mass. 2018) ................................................................................2

*Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.,*
  765 F. Supp. 2d 87 (D. Mass. 2011) ..........................................................................4

*Roe v. Mayorkas,*
  No. 22-cv-10808, 2023 WL 3466327 (D. Mass. May 12, 2023) ....................................*passim*

**Statutes**

5 U.S.C. § 705 ....................................................................................................................3

8 U.S.C. § 1229c ............................................................................................................2, 5

8 U.S.C. § 1324d............................................................................................................2, 5

**Regulations**

8 C.F.R. § 281 ....................................................................................................................7

Imposition and Collection of Civil Penalties for Certain Immigration-Related Violations,
  90 Fed. Reg. 27,439 (June 27, 2025) ..........................................................................7

**INTRODUCTION**

Plaintiffs ask this Court to compel expedited production of "the complete, certified administrative record on or before the date that Defendants file their responsive pleading," Mem. of Law in Supp. of Pls.' Mot. to Compel Expedited Produc. of the Administrative R. at 7, ECF No. 67, a deadline the Court has not yet set, for a motion the Defendants have not yet filed, in a case in which Plaintiffs' own emergency motions remain pending. This request is premature and will result in unnecessary and cumulative briefing and potentially multiple rounds of administrative record production by the Defendant Agencies.

Plaintiffs' motion rests on the flawed premise that this Court cannot resolve Defendant's forthcoming Rule 12 motion without a certified administrative record. That premise misreads *Atieh v. Riordan,* 727 F.3d 73 (1st Cir. 2013), which Plaintiffs rely on heavily in support of their argument. While *Atieh* holds that an administrative record is generally required to adjudicate claims that an agency action is arbitrary and capricious under the APA, the First Circuit expressly caveated that its holding does not to apply in circumstances in which the complaint is "legally flawed." *Id.* at 76 n.4. *See also Roe v. Mayorkas,* No. 22-cv-10808, 2023 WL 3466327, at *11 (D. Mass. May 12, 2023) (explaining that inquiry of whether the administrative record sufficiently supports agency's decision does "not apply to cases 'where the agency claims that the underlying premise of the complaint is legally flawed (rather than factually unsupported.)'" (quoting *Atieh*, 727 F.3d at 76 n.4)). That is what Defendants intend to argue in their forthcoming Rule 12 motion.

Three considerations confirm that expedited production is unnecessary at this stage. *First,* Defendants' forthcoming Rule 12 motion will raise threshold jurisdictional defects that, if successful, would substantially narrow the scope of issues to be litigated and, ultimately, the scope of any administrative record the agencies may need to produce. *Second,* following

1

this threshold jurisdictional argument, Defendants' Rule 12 motion will challenge Plaintiffs' constitutional claims under the Seventh and Eighth Amendments as legally insufficient on the face of the complaint. These are pure questions of law that the Court can resolve without the administrative record. *Third,* the Interim Final Rule ("IFR") Plaintiffs challenge is currently the subject of ongoing final rulemaking. The agencies are reviewing comments, including the comment Plaintiff Immigration Legal Resource Center ("ILRC") submitted, and will issue a final rule in due course. The administrative record for the IFR will differ from the record for the forthcoming final rule. Compelling production of the IFR record now might require duplicative effort and could compel certification of a record that will be superseded by the record for the final rule.

These considerations coincide with the framework governing motions to expedite production, which requires Plaintiffs to show "[g]ood cause," assessed against factors including "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *Roe,* 2023 WL 3466327, at *18 (quoting *Jimenez v. Nielsen,* 326 F.R.D. 357, 361 (D. Mass. 2018)). As explained below, every one of those factors weighs against Plaintiffs here. For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.

## PROCEDURAL BACKGROUND

Plaintiffs filed this putative class action on November 20, 2025, alleging that Defendants' assessment of civil penalties under 8 U.S.C. §§ 1229c and 1324d, and promulgation of an IFR in June 2025 governing the assessment of these statutorily-defined penalties, violate the Constitution and the Administrative Procedure Act ("APA").

2

On December 9, 2025, less than three weeks after filing the complaint, Plaintiffs filed two motions: a motion for a stay of agency action under 5 U.S.C. § 705 or, in the alternative, a preliminary injunction (ECF No. 19), and a motion for class certification (ECF No. 21). Defendants opposed both motions on January 6, 2026 (ECF Nos. 32, 33), and Plaintiffs filed reply briefs on January 16, 2026 (ECF Nos. 48, 49). Those motions are fully briefed and before the Court, with oral argument on these motions previously scheduled for May 13, 2026, ECF No. 61, before the Court converted this hearing to a case planning conference, ECF No. 65.

On January 22, 2026, Defendants moved to extend their deadline to file their Rule 12 motion until 30 days after the Court's ruling on Plaintiffs' Motion to Stay Agency Action (ECF No. 50). In this motion, Defendants explained that the Court's ruling on the stay motion would inform the scope and contours of their response to the complaint, and that proceeding to a Rule 12 motion before the stay ruling risked piecemeal briefing and unnecessary duplication of efforts. *Id.* Plaintiffs opposed that extension, but agreed that Defendants need not respond to the complaint until 10 days from the date on which the Court rules on the Defendants' extension (ECF No. 50 at 1). That motion remains pending. As a result, the Court has not yet set a deadline for Defendants' response to the complaint.

While the parties were briefing the Plaintiffs' stay of agency action and class certification motions, the parties corresponded regarding the production of the administrative record. On December 23, 2025, Defendant's counsel proposed to discuss expedited merits briefing if Plaintiffs would agree to postpone consideration of their stay and class certification motions. Plaintiffs declined this proposal.

On April 13, 2026, Plaintiffs' counsel requested an update on the production of the administrative record. On April 15, 2026, Defendants' counsel stated Defendant's position

that, in light of Defendants' forthcoming Rule 12 motion and the threshold legal and

jurisdictional questions that motion would raise, the appropriate course was to defer record

production until after the Court ruled on the Defendant's forthcoming motion to dismiss.

The parties conferred on April 22, 2026, and were unable to resolve the dispute. On April

27, 2026, Plaintiffs filed the present motion seeking to compel expedited production of the

administrative record by the date the Defendants file their responsive pleading.

## LEGAL STANDARD

Although Plaintiffs frame their request as a motion to expedite production of the

administrative record, the legal standard they cite is the standard of expedited discovery,

applied through *Roe v. Mayorkas* to the production of the administrative record in APA cases.

Under this standard, "[t]o obtain expedited discovery, a party must show good cause." *Roe*,

2023 WL 3466327, at 18 (citing *Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.,* 765 F. Supp.

2d 87, 88 (D. Mass. 2011)). "Good cause exists if the request for expedited discovery is

reasonable in light of all the surrounding circumstances," including "the purpose for the

discovery, the ability of the discovery to preclude demonstrated irreparable harm, the

plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and

the degree of prematurity." *Id.* (citation modified).

## ARGUMENT

I.    **Plaintiffs' Motion is Premature Because Defendants' Forthcoming Rule 12 Motion Will Challenge this Court's Jurisdiction Over All Claims Related to 8 U.S.C. § 1229c.**

Plaintiffs erroneously suggest that courts should require production of an

administrative record at the motion to dismiss stage of APA litigation, ECF No. 67 at 3-4,

despite that a defendant's arguments do not rely on the record. This is wrong, and

unsupported by the citations Plaintiffs marshal. Plaintiffs challenge agency action under two

4

distinct statutory provisions: 8 U.S.C. § 1229c, which authorizes civil penalties for failure to comply with a voluntary departure order; and 8 U.S.C. § 1324d, which authorizes civil penalties for willful failure to depart the United States following a final order of removal. The two provisions impose different penalties, target different conduct, and involve different agency records.

Defendants' Rule 12 motion will challenge this Court's Article III jurisdiction over every claim as it relates to § 1229c because neither named Plaintiff was assessed a penalty under this provision. Maria L. "[was] assessed civil penalties under Section 1324d," Compl. ¶ 12, ECF No. 1, and Plaintiff Nancy M. likewise was "charged . . . civil penalties under Section 1324d," *id.* ¶ 19. As Defendants argued in their Opposition to Plaintiffs' Motion for Class Certification, neither named Plaintiff has been fined under § 1229c, meaning that neither has suffered a concrete or particularized injury traceable to Defendants' enforcement of § 1229c. ECF No. 33 at 17-18.

If Defendants' standing challenge succeeds, the entire § 1229c dimension of this case disappears. Effectively, Defendants will move to dismiss nearly half of Plaintiffs' complaint, and a significant fraction of the records they now demand the agencies produce on an expedited timeframe might no longer be relevant to this litigation. In short, the scope of this litigation might be halved by this Court's adjudication of Defendants' Rule 12 motion.

This is the "degree of prematurity" the *Roe* court flagged as a factor weighing against expedited production. *Roe,* 2023 WL 3466327, at *18 (Burroughs, J.) (partially granting the Defendant's motion to dismiss before granting Plaintiff's request to compel production of the administrative record). The natural order of operations here is to let the threshold rulings come first, and the production of the administrative record, second.

5

II.     **Defendants' Rule 12 Motion Will Challenge Plaintiffs' Constitutional Claims under the Seventh and Eighth Amendment as Legally Insufficient on the Face of the Complaint.**

Plaintiffs' primary argument is that *Atieh v. Riordan,* 727 F.3d 73, generally requires that the administrative record be produced before any motion to dismiss can be decided in cases brought under the APA. Not so. In *Atieh,* the First Circuit reviewed a fact-intensive immigration dispute over the government's determination that an individual "entered into a sham marriage . . . to evade the immigration laws." *Id.* at 75. The plaintiff contended that the agency's decision was arbitrary and capricious, and the government moved to dismiss under Rule 12(b)(6). *Id.* It was in that posture that the First Circuit discussed the administrative record's role in APA merits review. *Id.* at 75-76. Even so, the First Circuit was careful to note that a Rule 12 motion may seek dismissal "on the ground that . . . the underlying premise of the [plaintiff's] complaint is legally flawed," and such a motion does not require the administrative record. *Id.* at 76 & n.4.

Consistent with this notion, Defendants' forthcoming Rule 12 motion will make purely legal arguments as to Plaintiffs' Seventh and Eighth Amendment constitutional claims, based on the allegations and information included in the pleadings, and governed by the Rule 12(b)(6) plausibility standard, which considers only the adequacy of the pleadings. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Because Defendants will not be challenging Plaintiffs' APA arbitrary and capricious claims, this is a four-corners-of-the-complaint inquiry. Nothing in *Iqbal, Twombly,* or any authority Plaintiffs cite suggests the Court need look beyond the pleadings to an administrative record.

Plaintiffs' constitutional challenges, including their Eighth Amendment (Count One) and Seventh Amendment (Count Two) challenges, illustrate this point. These claims do not turn on what materials the agencies considered but, instead, on whether the agency action, as

6

authorized by statute and described on the face of Plaintiffs' complaint, is consistent with the Constitution. The Court can make that determination by reading and evaluating the complaint, the statutes Plaintiffs challenge, the IFR as codified at 8 C.F.R. § 281, and the controlling precedent. The Court has every resource it needs to resolve these questions and nothing the agencies might eventually produce in an administrative record would alter the analysis.

The bottom line: Defendants' Rule 12 motion will challenge Plaintiffs' constitutional claims under the *Iqbal/Twombly* plausibility standard, not under the APA's record-review framework. *Atieh* confirms that legal challenges to the sufficiency of an APA complaint may be made in a Rule 12 motion without the administrative record. 727 F.3d at 76 n.4. Plaintiffs' contrary position cannot be reconciled with that holding, and they identify no authority that requires production of a record before the Court resolves the threshold legal questions Defendants will raise. Requiring production of an administrative record prior to considering threshold issues such as jurisdiction and whether a plaintiff has properly stated a claim would waste party and judicial resources in the many cases that could be properly resolved on a Rule 12 motion without considering the administrative record.

### III. The Ongoing Rulemaking Process Confirms that Compelling Record Production Now is Premature.

The IFR, as its name signals, is an interim measure. The agencies promulgated it on June 27, 2025, with an open post-promulgation comment period. *See* Imposition and Collection of Civil Penalties for Certain Immigration-Related Violations, 90 Fed. Reg. 27,439 (June 27, 2025). Plaintiffs' own complaint confirms that comments were submitted during that period, including comments from Plaintiff ILRC dated July 28, 2025. Compl. ¶¶ 153-56. The defendant agencies are now reviewing those comments and, in the ordinary course of APA rulemaking, will issue a final rule that responds to comments, incorporates any

additional analyses, and supersedes the IFR as the operative agency action. That process is currently underway.

The implications for Plaintiffs' motion are significant and they cut against what Plaintiffs ask this court to do. The administrative record for the IFR is a snapshot as it captures only the materials that were considered before promulgation in June 2025. As the agencies continue their post-promulgation review, the body of materials the agencies are considering continues to evolve. Combined with the threshold legal questions Defendants' Rule 12 motion will raise, this consideration confirms that Plaintiffs' demand is premature. Defendants ask the Court to allow Defendants' Rule 12 motion to be filed and decided before any certification is required. That is the order of operations this District used in *Roe,* where the Court declined to order production of the administrative record until after ruling on the pending motion to dismiss. *See Roe,* 2023 WL 3466327, at *18-19.  Because threshold rulings inform the scope of any administrative record ultimately produced, it is consistent with how APA cases are ordinarily managed.

Plaintiffs demand the defendant agencies compile and certify a voluminous IFR-specific record (that may soon be superseded by a final rule) on a compressed schedule, before the Court has determined which claims will proceed to merits review. That is not a productive use of the parties' or the Court's resources. The administrative record should be produced following the Court's ruling on Defendant's forthcoming Rule 12 motion.

## IV.    Plaintiffs Have Not Shown Good Cause Under *Roe v. Mayorkas.*

Even setting aside the threshold problems described in Sections I through III, Plaintiffs cannot satisfy the *Roe* good-cause standard on its own terms. Each of the five factors *Roe* identified weighs against the relief Plaintiffs seek.

Purpose of the Discovery. Plaintiffs justify their request by asserting that the administrative record is needed to enable the Court to decide Defendant's forthcoming Rule 12 motions. *See* ECF No. 67 at 5-6. As Sections I and II demonstrate, that justification fails. The Rule 12 motion will raise threshold jurisdictional deficiencies and challenge the legal sufficiency of constitutional claims, neither of which requires the administrative record. Plaintiffs offer no other purpose for why expedited production is necessary now.

Ability to preclude demonstrated irreparable harm: The administrative record cannot preclude the irreparable harm Plaintiffs allege is occurring. Plaintiffs claim ongoing harm from the imposition and collection of civil penalties, but that harm is the subject of their fully briefed § 705 stay motion. ECF No. 19.  Plaintiffs chose that vehicle and now must ride in it.  Whatever the Court decides on this present motion will not address that harm.

Likelihood of success on the merits. Plaintiffs' likelihood of success cannot be evaluated before this Court rules on Defendants' Rule 12 motion. That motion will challenge Article III jurisdiction over significant portions of the case and will argue that Plaintiffs' constitutional claims fail as a matter of law. Plaintiffs cannot rely on the unadjudicated allegations of their own complaint to establish a likelihood of success on claims that may not survive a Rule 12 challenge in the first place.

Burden on the Defendants. The burden of certifying and producing the records Plaintiffs demand is substantial. These records sit across multiple agency components. Compelling that production now, before the Court has determined which claims will survive Rule 12 and before the rulemaking process is complete, requires the agencies to certify materials much of which may turn out to be superseded once the final rule publishes.

Degree of prematurity. Plaintiffs demand an administrative record by the date Defendants file their response to the complaint, but the Court has not set that deadline.

9

More to the point, Plaintiffs' own emergency motions remain pending. The *Roe* factors

confirm that there is no good cause for expedited production of the administrative record at

this stage.

### CONCLUSION

This Court should deny Plaintiffs' Motion to Compel Expedited Production of the

Administrative Record.

Dated: May 11, 2026                     Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        BRAD P. ROSENBERG
                                        Special Counsel
                                        Federal Programs Branch

                                        */s/  Alexander Severance*
                                        ALEXANDER SEVERANCE (KS Bar No 27618)
                                        *Trial Attorney*
                                        U.S. Department of Justice,
                                        Civil Division, Federal Programs
                                        1100 L Street, N.W.
                                        Washington, DC  20005
                                        Tel: (202) 598-3123
                                        Email: alexander.j.severance@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Alexander J. Severance, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Alexander Severance*
Alexander J. Severance
Dated: May 11, 2026                                    Trial Attorney

1