UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*,<br><br>    *Plaintiffs*,<br><br>      v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; *et al.*,<br><br>    *Defendants*. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL EXPEDITED PRODUCTION OF THE ADMINISTRATIVE
<u>RECORD</u>**

Defendants oppose production of the administrative record before moving to dismiss, attempting to lead the Court "down a primrose path" rejected by the First Circuit. *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). Defendants must produce the administrative record yet are attempting to avoid production as long as possible. Almost a year after Defendants promulgated the Interim Final Rule ("IFR") at issue in this case, six months after Plaintiffs filed this case, and several months after Defendants offered to produce the record, Defendants propose to proceed in piecemeal fashion and move to dismiss only Plaintiffs' claims under the Seventh and Eighth Amendments and their claims regarding a subset of the civil fines imposed pursuant to Defendants' unlawful policies. But Defendants' strategy is destined to fail, as the Court will need the administrative record to evaluate any motion to dismiss. None of Defendants' arguments for further delay has merit.

*First*, Defendants have taken inconsistent positions about whether the administrative record could or should be produced before they answer the complaint. Defendants acknowledge that, on December 23, 2025, their counsel proposed expediting the administrative record if Plaintiffs would agree to postpone consideration of their motions for a stay and for class certification. *See* Memo. in Support of Mot. to Compel ("Br.") at 2, ECF No. 67; Opp'n to Mot. to Compel ("Opp.") at 3, ECF No. 69. It was not until nearly four months later that Defendants first took their current position that they should not have to produce the administrative record until after the Court rules on their forthcoming motion to dismiss. Br. at 2; Opp. at 4. Defendants did not previously view producing the administrative record on an expedited basis (including before the Court could rule on any Rule 12(b) arguments) as overly burdensome or premature, and their arguments to the contrary now ring hollow.

*Second*, Defendants' argument that they should not have to produce the administrative record regarding fines issued under 8 U.S.C. § 1229c is misplaced. Defendants miscast the inquiry as whether Plaintiffs have "suffered a concrete or particularized injury traceable to Defendants' enforcement of § 1229c," Opp. at 5, when the relevant question is whether Plaintiffs' injury is "fairly . . . trace[able] to the challenged action of the defendant," *Lujan v. Defenders of Wildlife*,

1

504 U.S. 555, 560 (1992) (quotation omitted). Of course, the "challenged action" here is the unlawful imposition of fines "without an individualized assessment." Compl. ¶ 63, ECF No. 1. That failure is the same across both statutes. Defendants utilize the same procedures under the same regulations to assess fines under both Sections 1229c and 1324d (the provision under which Plaintiffs Ms. L. and Ms. M. were fined). *See* 8 C.F.R. part 280, § 281.1. Defendants rely on the same presumption of liability when imposing penalties under both statutes. 90 Fed. Reg. 27439, 27443 (June 27, 2025) (discussing "a sufficient inference that the alien *willfully* or *voluntary* [*sic*] failed to depart" (emphasis added)); *see also* ECF No. 32 at 15 (describing purported "reasonable evidentiary inferences" applicable to both statutes). And Defendants use the same form to impose penalties under both statutes. ECF No. 20-3 ¶ 14; *see also id.*, Ex. B. Unsurprisingly, Defendants offer no facts—such as declarations or exhibits or anything other than their own say-so—to support their assertion that "a significant fraction of the records" Plaintiffs demand "might no longer be relevant to this litigation" if the Court accepts Defendants' standing argument. Opp. at 5. Simply put, Plaintiffs have standing to challenge the manner of imposing fines under both provisions.

*Third*, the fact that Defendants' forthcoming motion to dismiss will challenge the legal sufficiency of Plaintiffs' Seventh and Eighth Amendment claims does not excuse their obligation to produce the administrative record.[1] Both of these constitutional claims are inextricably intertwined with Plaintiffs' APA claims, and the Court will need to look beyond the complaint to the administrative record to determine whether Plaintiffs adequately alleged these claims. For example, Plaintiffs' Eighth Amendment claim alleges that "Defendants assess civil penalties under Section 1324d without evidence of wrongdoing, without consideration of liability under Section 1324d, and without individualized assessments"—all allegations that the Court will need the administrative record to evaluate under Rule 12. Compl. ¶ 175. Similarly, whether Plaintiffs have alleged a Seventh Amendment violation will likely turn on the application of the public rights

---

[1] Defendants implicitly concede that Plaintiffs have adequately alleged that Defendants' imposition of fines is contrary to law and arbitrary and capricious. *See* Opp. at 6. This concession appears to be a strategic tactic to delay producing the administrative record by trying to delay the Court's ruling on whether the IFR is contrary to law and arbitrary and capricious.

exception, which is "traditionally appropriate in cases *closely related* to the admission and exclusion of [non-citizens].'"" *Sun Valley Orchards, LLC v. U.S. Dep't of Lab.*, 148 F.4th 121, 130 (3d Cir. 2025) (emphasis added), *cert. granted in part sub nom. Dep't of Lab. v. Sun Valley Orchards, LLC*, 2026 WL 1127242 (U.S. Apr. 27, 2026). This public rights question will hinge on how closely related (if at all) the civil penalties at issue here are to the IFR's stated purpose of deterring the admission of non-citizens. *See* 90 Fed. Reg. at 27442 (stating that the purpose of the IFR is to "help deter future unlawful entries and encourage greater compliance with removal and voluntary departure orders consistent with this Administration's focus on securing the border and restoring integrity to our nation's immigration system").

Defendants therefore overstate the dicta in *Atieh v. Riordan*, which noted that, "in an APA appeal," a Rule 12(b)(6) "motion may be appropriate in certain circumstances," such as "where the agency claims that the underlying premise of the complaint is legally flawed (rather than factually unsupported)." 727 F.3d at 76 n.4. Any motion to dismiss Plaintiffs' Seventh and Eighth Amendment claims *will* turn on whether Plaintiffs' allegations are "factually unsupported," i.e., whether Defendants followed the law when they imposed fines under Section 1324c without first making the necessary individualized assessments, or whether the imposition of these fines under the IFR has a deterrent effect related to the admission and exclusion of noncitizens.

*Fourth*, Defendants cannot avoid their obligation to produce the administrative record they relied upon to issue the IFR simply because the rule—which was implemented nearly a year ago and has resulted in the issuance of billions of dollars of fines to thousands of non-citizens[2]—is labeled an "interim" rule. *See* Opp. at 7–8. Emphasizing the "interim" label to argue that the administrative record need not be produced until a "final" rule might be issued is disingenuous at best. *See NRDC v. Wheeler*, 955 F.3d 68, 78 (D.C. Cir. 2020) (interim final rules, by their very nature, constitute "the final word from the agency on what will happen up to the time of any

---

[2] *See* Jerod Macdonald-Evoy, *'I Can't Even Sleep': Arizona Immigrant Hit with $1.8M Fine for Staying in US*, AZ Mirror (May 5, 2026), https://azmirror.com/2026/05/05/i-cant-even-sleep-arizona-immigrant-hit-with-1-8m-fine-for-staying-in-us/.

different permanent decision"); *Career Coll. Ass'n v. Riley*, 74 F.3d 1265, 1268 (D.C. Cir. 1996) ("The key word in the title 'Interim Final Rule,' unless the title is to be read as an oxymoron, is not interim, but *final*. 'Interim' refers only to the Rule's intended duration—not its tentative nature."). Plaintiffs are challenging the IFR, not a hypothetical "final" rule, and the relevant inquiry for their claims is "whether the administrative record sufficiently supports the agency's decision" to issue the IFR. *Atieh*, 727 F.3d at 76. Nor is it apparent that a "final" rule will ever be promulgated; Defendants do not cite any evidence or submit any declaration saying as much.

*Fifth*, Defendants' blithe assertion that "[t]he burden of certifying and producing the records Plaintiffs demand is substantial," Opp. at 9, is entirely unsupported. As the party resisting discovery, Defendants "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden." *In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (quotation omitted); *see also SVB Fin. Grp. v. FDIC*, 2024 U.S. Dist. LEXIS 35564, at *5–6 (N.D. Cal. Feb. 29, 2024) (denying agency's motion to extend its deadline to produce the administrative record where, *inter alia*, the agency failed to include "declarations or evidence to support the representations in its brief" that production of the administrative record would be unduly burdensome). Defendants do not point to any evidence or submit any declarations suggesting that producing an administrative record in this case is burdensome, much less *unduly* burdensome in the course of defending agency action. Notably, Defendants did not believe this effort was unduly burdensome in December 2025 when they proposed producing the administrative record. Defendants' self-serving argument to the contrary now should not excuse them from their obligation to produce the materials considered by agency decisionmakers.

## CONCLUSION

Plaintiffs respectfully request that the Court grant the Motion to Compel Expedited Production of the Administrative Record.

Dated: May 12, 2026

Hasan Shafiqullah[*]
Evan Henley (BBO No. 688663)
The Legal Aid Society
49 Thomas Street, Floor 5
New York, NY 10013
(212) 577-3300
HHShafiqullah@legal-aid.org
EWHenley@legal-aid.org

Kristy Blumeyer-Martinez[*]
Refugee and Immigrant Center for
Education and Legal Services (RAICES)
P.O. Box 786100
San Antonio, TX 78278
(210) 960-3206
kristy.blumeyermartinez@raicestexas.org

David Bennion[*]
Free Migration Project
426 E. Allegheny Ave, Unit 306
Philadelphia, PA 19134
(646) 441-0741
david.bennion@freemigrate.org

Ranganath T. Sudarshan[*]
Stephen Rees[*]
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
srees@cov.com

Addison Thompson[*]
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
athompson@cov.com

*Counsel for Plaintiffs*

Respectfully submitted,

*/s Charles Moore*
Charles Moore (BBO No. 708061)
Mariam Elbakr[*]
Shelby Leighton[*]
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 861-5226
cmoore@publicjustice.net
melbakr@publicjustice.net
sleighton@publicjustice.net

Alina Das[*]
Ajay Singh[†]
Ximena Valdarrago[†]
NYU Immigrant Rights Clinic
Washington Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430
alina.das@nyu.edu
as11021@nyu.edu
xfv201@nyu.edu

Leila Nasrolahi[*]
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
lnasrolahi@publicjustice.net

Joy Chen (BBO No. 714192)
Covington & Burling LLP
One International Place, Suite 1020
Boston, MA 02110
(617) 603-8800
jchen@cov.com

[*] admitted pro hac vice
[†] law student rendering assistance pursuant
to Local Rule 83.5.4(k)

5

**CERTIFICATE OF SERVICE**

I certify that, on May 12, 2026, I caused the aforementioned document to be served via email on all counsel of record through the CM/ECF system.

*/s Charles Moore*
Charles Moore