# Exhibit I

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIA L., *et al.*

*Plaintiffs,*

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; *et al.*

*Defendants.*

Case No. 1:25-cv-13471-GAO

Hon. George A. O'Toole

**DECLARATION OF LAURA K. RUIZ IN SUPPORT OF PLAINTIFFS' MOTION TO STAY AGENCY ACTION**

I, Laura K. Ruiz, hereby declare under penalty of perjury the following is true and accurate to the best of my knowledge:

1.      My name is Laura K. Ruiz, and I am the Associate Director of San Bernardino Community Service Center, Inc. ("SBCSC"). I submit this declaration in support of Plaintiffs' Motion to Stay Agency Action, ECF No. 19, currently pending before the Court.

2.      I am a Department of Justice Accredited Representative. SBCSC is a community-based non-profit organization. Since 2001, we have specialized in providing application assistance, legal representation and educational information in immigration matters to low-income families in and around San Bernardino County, California.

3.      In my role as Associate Director, I assisted a client of mine in disputing a fine she received under 8 U.S.C. § 1324d. The fine was inappropriate for a number of reasons, including that my client had a voluntary departure order, not a final removal order, and is currently pursuing relief pursuant to the Violence Against Women Act ("VAWA") as a victim of domestic violence.

1

4.     On ████████ the Department of Homeland Security ("DHS") served my client with a Notice of Violation and Order Unted the Immigration and Nationality Act ("INA") in which DHS determined that my client was not a citizen or national of the United States and further determined that, on ████████ her order or removal became final, and that she willfully failed or refused to depart from the United States pursuant to the order. DHS ordered that a civil penalty be imposed upon my client in the amount of $1,8████████ pursuant to Section 274D(a)(1) of the INA, as amended and codified at Title 8, USC, Section 1324(a)(1); and Title 8 of the Code of Federal Regulations, Part 281. The civil penalty being assessed was incorrect given that my client received an order of voluntary departure under INA § 240B, not an order of removal under INA § 274D. The immigration judge's voluntary departure order did not contain any warnings about fines for failure to depart, whether pursuant to INA § 240B or § 274D.

On ████████ my client submitted an appeal brief in opposition to the imposition of the civil penalty and to the DHS notice of violation and order under INA §274D. In the appeal brief, my client denied the allegations against her, indicated that she does not have the financial means to pay the incredibly high fines, and asserted that the notice violated her Fifth, Seventh, and Eighth Amendment rights. She argued that was never warned about these fines, that there was no evidence provided by DHS in the notice, that DHS did not indicate when her alleged willful failure to depart began, and that the decision to fine was not made by a neutral fact finder.

5.     The appeal brief also noted that my client's failure to depart the United States after the voluntary departure order was issued was not voluntary or willful and held DHS to their burden of proving the opposite. My client indicated that in ████, when a grant of voluntary departure was issued, she was still a minor. She did not understand what voluntary departure meant, nor did she have the legal capacity or practical ability to comply with any such directive. Her role in the proceedings was entirely dependent on the actions and decisions of her parent. By ████ when the Board of Immigration Appeals issued its decision (not ████████, as DHS's

2

notice alleged), she had reached adulthood. However, she was still coping with the lasting effects of prolonged domestic violence and abuse she endured throughout her childhood. ██████

██████████████████████████████████████████████████████████████

██████████████████████████████ As a result, she was not in a mental or emotional state to understand the immigration process. It was not until recently, while preparing to file Form I-360 as a self-petitioner under the Violence Against Women Act ("VAWA"), that she came to more fully understand the history and legal implications of her immigration case. ████

██████████████████████████████████████████████████████████

████████████████████████████████ she has been a victim of domestic violence by her U.S. citizen spouse. Her I-360 petition was filed with USCIS on ████████ well before these civil penalties were assessed. In the appeal brief, my client also requested to have all correspondence mailed to my office address, since it is her safe mailing address. ████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████ With complete disregard for my client's safety, DHS mailed additional correspondence to her physical address.

6.    On ████████, not even a week after the appeal brief was delivered, DHS issued an Appeal Decision and Order under the Immigration and Nationality Act affirming the full amount of the fine. The Appeal Decision and Order did not respond to or acknowledge my client's arguments at all. It did not provide any justification whatsoever for the determination that my client had willfully failed or refused to depart the United States pursuant to a final order of removal and merely checked boxes next to several conclusory statements.

7.    My client then received an invoice from U.S. Customs and Border Protection ("CBP"), demanding payment of the fine. On ████████████████████

3

████████████████████████████████████████

████████████████████

I declare under penalty of perjury that the foregoing is true and correct.


Executed in San Bernardino, California on the 29th day of May, 2026.

_____
Laura K Ruiz

4