# Exhibit B

| | |
|---|---|
| **From:** | Charles Moore |
| **To:** | Severance, Alexander J (CIV) |
| **Cc:** | Hasan Shafiqullah |
| **Subject:** | Re: Maria L. v. Noem - protective order |
| **Date:** | Wednesday, December 31, 2025 11:33:44 AM |
| **Attachments:** | image001.png |

Hi Alex,

I wanted to follow up on this. Can you get me your clients' positions on the PO and stays of removal by close of business on Monday? Happy to chat Monday if helpful.

Thanks,
Charles

Get Outlook for Android

---

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Friday, December 26, 2025 5:23:11 PM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** Re: Maria L. v. Noem - protective order

Understood, Alex. We'll go ahead and file the motion for the PO. Of course, if you get a position from agency counsel on the PO or the stay of removal, please let us know.

Thanks,
Charles

Get Outlook for Android

---

**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Sent:** Friday, December 26, 2025 4:49:12 PM
**To:** Charles Moore <cmoore@publicjustice.net>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** RE: Maria L. v. Noem - protective order

Charles,

As I mentioned on the phone, we will not be able to provide a position on the protective order until I am able to speak with agency counsel. Therefore, we oppose the protective order as it is currently structured.

I understand your concern about the stay and your desire to get that litigated quickly. I will hold up on asking the agencies about the possibility of an expedited certification of the administrative record so we can all focus on the preliminary injunction motion.

Alex

---

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Tuesday, December 23, 2025 6:38 PM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** [EXTERNAL] RE: Maria L. v. Noem - protective order

Hi Alex,

Thank you for your update. As we mentioned on the call, extending the timeline for resolution of our stay motion raises a significant concern for Plaintiffs because of the ongoing irreparable harm that would continue unabated. Additionally, even after the administrative record is certified, Plaintiffs would be entitled to conduct further discovery before summary judgment. So, I remain concerned about delaying consideration of Plaintiffs' stay motion any further, absent a stipulation that Defendants will pause assessing and enforcing fines while the motion is pending.

As for the proposed protective order, please let me know your position by December 26, 2025 at 2:00pm Eastern. I originally provided the proposed protective order to you on December 11th, and asked for a dialogue on mutually agreeable terms regarding Plaintiffs' identities before that. We still do not have Defendants' position. None of this preventable delay justifies any need for additional time to respond to either the stay or class cert motions. It appears that not having an assigned contact at the Defendant agencies is further contributing to this delay. To mitigate further delay, we will move the Court to enter the protective order so that we can provide you with Plaintiffs' information.

Finally, I raised the prospect of a stay of removal for Plaintiffs, so please let me know when you have had a chance to discuss that with your clients. As I mentioned, if your clients do not agree to that, we will move the Court for that relief.

Thanks,
Charles

---

**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>

**Sent:** Tuesday, December 23, 2025 3:10 PM
**To:** Charles Moore <cmoore@publicjustice.net>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** RE: Maria L. v. Noem - protective order

Charles & Hasan

After taking your proposal back to my reviewer, I am optimistic we can work something out along the lines you floated, as I think we were largely discussing similar concepts for a path forward.

We will approach the Defendant agencies and ask them to expedite the compiling and certification of the administrative record. As we discussed on the phone, this is not just the immigration records of your two named plaintiffs but also materials the agencies considered in publishing the IFR and implementing the fine assessment directives starting in January 2025.

In exchange for expediting the production of the administrative record, Plaintiffs would agree to additional time for Defendants to respond to Plaintiffs' stay and class certification motions.  We still need to figure out what that briefing looks like—if we can expedite the production of the AR, it probably makes the most sense to simply have the parties cross-move for summary judgment.  That way, we get to a final judgment more quickly.  Plaintiffs could either convert their stay motion to a summary judgment motion, or withdraw their stay motion and file a new summary judgment motion after they've received the AR.  We could then potentially have a four-brief schedule, where plaintiffs move for summary judgment; defendants move to dismiss/cross-move for summary judgment and oppose plaintiffs' motion; plaintiffs reply and oppose defendants' cross-motion; and then defendants reply.  We also would need to fit-in class certification briefing.

As noted above, I need to run this by agency counsel and will try to follow-up early next week, including with a date by which the AR can be compiled.  Once I have an answer, I will reach back out.

Thank you

**Alex Severance** | Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch

(202) 598-3123 | alexander.j.severance@usdoj.gov

---

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Tuesday, December 23, 2025 12:01 PM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** [EXTERNAL] RE: Maria L. v. Noem - protective order

Hi Alex, we can talk at 1pm, if that works for you. I can give you a call then.

Thanks,
Charles



---

**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Sent:** Tuesday, December 23, 2025 11:58 AM
**To:** Charles Moore <cmoore@publicjustice.net>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** RE: Maria L. v. Noem - protective order

Charles & Hasan,

Thanks for your time this morning. I just spoke with my supervisors about the way forward and was wondering if you two had time for a follow-up call this afternoon.

I'm widely available and can work around what is best for the two of you.

Thanks.

**Alex Severance** | Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
(202) 598-3123 | alexander.j.severance@usdoj.gov

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Tuesday, December 23, 2025 10:51 AM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** [EXTERNAL] RE: Maria L. v. Noem - protective order

Hi Alex,

Thanks for making some time to chat today. I just wanted to send along a brief summary of our call. Please let me know if you think any of this does not capture the substance of our conversation. If your understanding varies from the below, please clarify.

Based on our call, you think that the individuals who would be designated and bound by the protective order would be agency counsel at each of the Defendant agencies, as well as two to three support personnel with the credentials to pull Plaintiffs' files. I understand that the number of support personnel may be subject to change, but it was your understanding that all those individuals would be centrally located within the agency and not, for example, field office employees. As you stated, it sounds like the administrative files at issue here can be pulled centrally without involvement of the field offices. If you find out that is not the case, please let us know.

I also understand that you are still sorting out which agency counsel will be assigned to this case. As I mentioned, we would not object to those individuals being subject to the PO and signing on to Exhibit A, agreeing to be subject to its terms. Once you have identified which individuals would need to be party to the PO, please let us know.

It sounds like we are in agreement on the substance of the PO, but if you have any proposed changes, please send those to me in track changes.

As I mentioned, I will be traveling over the holidays, so please forgive any delays in my response time.

Thanks,
Charles



**From:** Charles Moore
**Sent:** Monday, December 22, 2025 1:40 PM

**To:** 'Severance, Alexander J (CIV)' <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** RE: Maria L. v. Noem - protective order

Thanks, Alex. If I am understanding correctly, we would not object to agency counsel and support personnel having access and being designated under paragraph 4(c) of the PO. We can discuss tomorrow at 10am. As part of that call, it would be helpful to understand which specific personnel we are talking about and what information they would access as stored centrally within the agencies.

As for the Rule 26(f) conference deadline, I believe I calendared it incorrectly. My apologies. 90 days after service of the complaint would be February 26th, and 21 days before that would be February 5th, so I believe that is the deadline for our 26(f) conference. Either way, the rules do require us to confer "as soon as practicable," so I would suggest we calendar that for early- to mid- January. Happy to discuss tomorrow.

Thanks,
Charles



---

**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Sent:** Monday, December 22, 2025 12:20 PM
**To:** Charles Moore <cmoore@publicjustice.net>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** RE: Maria L. v. Noem - protective order

Hi Charles,

Thanks for the clarification. Yes, what we envision is that both agency counsel and support personnel with the ability to retrieve the administrative files, would need access.

I'm generally free tomorrow morning. Should we plan for a call at 10:00 am?

As to the 26(f) conference: I'm not tracking a scheduling order and don't see any requirements, otherwise, for our 26(f) prior to the 6th. Am I missing something?

Thanks.

**Alex Severance** | Trial Attorney

United States Department of Justice

Civil Division – Federal Programs Branch

(202) 598-3123 | alexander.j.severance@usdoj.gov

---

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Monday, December 22, 2025 11:07 AM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** [EXTERNAL] RE: Maria L. v. Noem - protective order

Hi Alex,

Thanks for getting back to me. We would not object to PII being shared with agency counsel. The current draft PO envisions that those individuals would be designated under paragraph 4(c) of the PO and would sign Exhibit A agreeing to be bound by the PO. Right now, the "Parties Bound" by the PO are limited to "all counsel of record for Defendants" and those that agree to be bound by signing on to Exhibit A. So, for agency counsel to be bound by the PO, they would need to sign on to Exhibit A.

As for the agents of counsel, we would want to know a little more information about who those agents would be before agreeing to share PII with them. Are the agents you are referring to those working in the general counsel's office? Similar to the above, the current version of the PO would envision that those individuals would also sign Exhibit A, agreeing to be bound by the PO.

Perhaps we can schedule a time to discuss all of this. Hasan and I are free tomorrow before 12:30pm, and then again at 3pm. When is a good time for you?

Finally, based on my review of the calendar, I believe we need to conduct our Rule 26(f) conference by January 6th, at the latest. Given the holidays, I suggest we schedule a time on the 6th. If you can provide your availability that day, I can confer with my co-counsel who would be joining.

Thanks,
Charles

**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Sent:** Friday, December 19, 2025 2:49 PM
**To:** Charles Moore <cmoore@publicjustice.net>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** RE: Maria L. v. Noem - protective order

Charles,

Thank you for your patience. I needed to take the proposed order to the agencies for input which can take a few days with the number of agencies involved.

We might support a protective order but I want to make sure we're on the same page so the government does not inadvertently violate a PO that we've agreed to.

Under your proposed order, disclosure of Plaintiff PII is limited to:

"Counsel for Defendants (and agents of such counsel) who have responsibility for this litigation"

I understand this to mean that the agency counsel at the defendant agencies (and their agents) are permitted access. To support the PO, we would need to preserve our ability to pull the administrative records of the two named plaintiffs. Their case numbers would not be widely distributed within the agencies but I would need to give it to the agency counsel I'm working with in this litigation.

Is that in-line with your intent? If so, I might re-work that section to make it a little clearer but we otherwise support.

Thanks.


**Alex Severance** | Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
(202) 598-3123 | alexander.j.severance@usdoj.gov

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Thursday, December 18, 2025 8:45 AM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** [EXTERNAL] RE: Maria L. v. Noem - protective order

Hi Alex,

I am following up on my email regarding the protective order, as I have not heard from you in roughly a week. As I mentioned in my emails on December 4th and 8th, we filed Plaintiffs' declarations ex parte because the parties had not come to an agreement on treatment of Plaintiffs' identifying information. To be clear, once we have a protective order in place, we would intend to share the unredacted declarations with you with an attorneys' eyes only designation, pursuant to the PO. Please advise whether you will stipulate to the entry of the PO by the close of business Friday.

Additionally, I am cognizant that the two-week deadline for Defendants' responses to our motions is coming up next week, on December 23rd, as the Court has not yet granted our joint request to extend those deadlines. If we still haven't heard anything from the Court by Monday, I would suggest we reach out to Judge O'Toole's courtroom and docket clerks to ask that the judge rule on the motion before Defendants' deadline. Let me know if you agree, and I can plan to send that message along first thing Monday morning, and copy you.

As always, please let me know if you would like to connect over phone.

Thanks,
Charles



**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Tuesday, December 16, 2025 12:50 PM
**To:** Severance, Alexander J (CIV) <alexander.j.severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** Re: Maria L. v. Noem - protective order

Hi Alex,

I wanted to follow up about our proposed protective order. I am attaching it here for ease of reference. Please let me know if you have any thoughts or if it would be helpful to discuss.

Thanks,
Charles



**From:** Charles Moore
**Sent:** Thursday, December 11, 2025 3:22 PM
**To:** Severance, Alexander J (CIV) <alexander.j.severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>
**Subject:** Maria L. v. Noem - protective order

Hi Alex,

As discussed, please see attached for a draft protective order for the treatment of Plaintiffs' identifying information as highly confidential. Once you have had a chance to review, I would be happy to discuss.

Thanks,
Charles

Public Justice's logo: Impact. Change.



**Charles Moore** *(he/him)*

*Senior Attorney, Debtors' Prison Project*

*Public Justice*

1620 L Street NW, Suite 630

Washington, DC 20036

Office: (202) 861-5226

Cell: (301) 664-4252

cmoore@publicjustice.net


*Admitted to practice in New York and the District of Columbia