# Exhibit D

| From: | Charles Moore |
|---|---|
| To: | Severance, Alexander J (CIV) |
| Cc: | Hasan Shafiqullah; Rees, Stephen; Yeatts, Alexandra (CIV) |
| Subject: | RE: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471) |
| Date: | Wednesday, April 15, 2026 4:14:27 PM |
| Attachments: | image001.png |

[EXTERNAL]

Hi Alex,

We agree that category (i), DOJ attorneys who have entered an appearance in this case, have access under the PO. As to category (ii), while we generally agree that DOJ attorneys with direct supervisory responsibility for the litigation would fall within paragraph 4(a) of the PO, you indicated in your prior email that your proposal extends to undefined "other leadership" at the agency. Without an indication of which personnel you assert fall within each of categories (ii) – (v), Plaintiffs oppose. As we have stated repeatedly, other individuals at DOJ and the other Defendants can access Plaintiffs' PII under paragraph 4(c) of the PO by signing Exhibit A.

Thanks,
Charles



**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Sent:** Monday, April 13, 2026 4:54 PM
**To:** Charles Moore <cmoore@publicjustice.net>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>; Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>
**Subject:** RE: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Charles,

Defendants are unable to provide an exhaustive list of personnel or positions at the defendant agencies who need access to Plaintiff PII to defend the Government in this suit. We can't anticipate everyone at the defendant agencies who will need to aid in our factual development and understanding without first sharing Plaintiff PII with the agencies. Our ask to the court will be categorical. Again, as follows:

Defendants will ask the court to confirm that "Counsel for Defendants (and agents of such counsel) who have responsibility for this litigation (Case No. 1:25-cv-13471 (D. Mass.)" in Paragraph 4(a) includes:

(i)        appeared DOJ attorneys;

(ii)        supervisory or other Department of Justice attorneys with responsibility for reviewing, approving, or overseeing filings made in this litigation;

(iii)        Department of Justice paralegals and other non-attorney staff working under attorney supervision in this litigation;

(iv)        attorneys employed by or detailed to the Defendant Agencies who have supervisory or operational responsibility for this litigation;

(v)        non-attorney personnel employed by the Defendant Agencies whose access to PII is necessary to implement or comply with an order of this Court and whose access to plaintiff PII is necessary to provide litigating DOJ attorneys with the factual background and clarity necessary to litigate this case.

Please provide Plaintiffs' position on this motion by COB Wednesday.

Thank you.

**Alex Severance** | Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
(202) 598-3123 | alexander.j.severance@usdoj.gov

---

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Monday, April 6, 2026 1:55 PM
**To:** Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>; Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Cc:** Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>
**Subject:** [EXTERNAL] RE: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Hi Alex,

Can you please provide the positions / job titles you refer to below as needing access to the PII at DOJ and the Defendant Agencies? For example, are the DOJ officials you refer to in your second bullet point only those who directly supervise your work and are involved in the litigation? Or would that also extend to other officials within DOJ beyond your direct supervisors? For the Defendant Agencies, are the individuals under your fourth bullet point officials located within the general counsel's office at the respective agencies? Or are there other positions outside the general counsel's offices that you maintain would need access under paragraph 4(a)? If the latter, please

specify.

As we have discussed previously, the PO contemplates that any of these individuals can have access by signing Exhibit A, but we may be able to narrow the scope of your motion to the Court if you can provide clarification of which positions fall within the categories you lay out.

Please let me know if it would be helpful to discuss.

Thanks,

Charles



**From:** Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>
**Sent:** Friday, April 3, 2026 9:19 AM
**To:** Charles Moore <cmoore@publicjustice.net>; Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>; Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>
**Subject:** Re: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Thank you!

Alexandra L. Yeatts
Trial Attorney | U.S. Department of Justice | Civil Division
Federal Programs Branch
(202)-353-5677 | Alexandra.Yeatts@usdoj.gov

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Friday, April 3, 2026 9:17:40 AM
**To:** Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>; Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>; Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>
**Subject:** [EXTERNAL] Re: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Thanks for the helpful detail, Alex. We'll need to confer internally about this. Given that I'm out of the office today, we can get back to you with our position on these discreet categories by early afternoon Monday.

Thanks,
Charles

Get Outlook for Android

**From:** Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>
**Sent:** Friday, April 3, 2026 9:00:02 AM
**To:** Charles Moore <cmoore@publicjustice.net>; Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>; Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>
**Subject:** RE: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Good Morning,

Defendants will ask the court to confirm that "Counsel for Defendants (and agents of such counsel) who have responsibility for this litigation (Case No. 1:25-cv-13471 (D. Mass.)" in Paragraph 4(a) includes:

   (i)      appeared DOJ attorneys;
   (ii)     supervisory or other Department of Justice attorneys with responsibility for reviewing, approving, or overseeing filings made in this litigation;
   (iii)    Department of Justice paralegals and other non-attorney staff working under attorney supervision in this litigation;
   (iv)     attorneys employed by or detailed to the Defendant Agencies who have supervisory or operational responsibility for this litigation;
   (v)      non-attorney personnel employed by the Defendant Agencies whose access to PII is necessary to implement or comply with an order of this Court

Consistent with how "counsel for defendants" is defined in protective orders.

And, yes, Defendants seek clarity as to Plaintiffs' reading of the PO as it applies to DOJ attorneys who are not appeared in the case but have responsibility for this litigation, including in a reviewing capacity (*see* ii above).  In other words, do Plaintiffs read supervisory DOJ attorneys as needing to sign Exhibit A before being given access to plaintiff PII?

Kindly let us know Plaintiffs' position on this motion by COB today.

Thanks,
Alex

Alexandra L. Yeatts
Trial Attorney | U.S. Department of Justice | Civil Division
Federal Programs Branch
(202)-353-5677 | Alexandra.Yeatts@usdoj.gov

---

**From:** Charles Moore <cmoore@publicjustice.net>
**Sent:** Friday, April 3, 2026 8:28 AM
**To:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>; Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>
**Cc:** Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>
**Subject:** [EXTERNAL] Re: Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Hi Alex,

So that we can provide our position, can you explain how you would seek to modify the PO? Specifically, what language would you seek to modify and how?

And can you clarify what you mean for the second part of your question? Are you referring to supervisory DOJ attorneys with responsibility for this litigation?

Thanks,
Charles

Get Outlook for Android

---

**From:** Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>
**Sent:** Thursday, April 2, 2026 2:12:08 PM
**To:** Charles Moore <cmoore@publicjustice.net>; Hasan Shafiqullah <hhshafiqullah@legal-aid.org>; Rees, Stephen <srees@cov.com>
**Cc:** Yeatts, Alexandra (CIV) <Alexandra.Yeatts@usdoj.gov>
**Subject:** Motion to Clarify/Amend Protect Order (Maria L.; 25-cv-13471)

Dear Charles,

Defendants intend to ask the Court to clarify, or in the alternative, to modify the protective order to allow counsel at the defendant agencies and their agents access to

Plaintiff PII without needing to seek Plaintiffs' approval. Would you please provide Plaintiffs' position on this motion?

For clarity, please provide Plaintiffs' understanding of how the PO treats supervisory attorneys and DOJ leadership. Specifically, do Plaintiffs read the PO to preclude reviewing attorneys at DOJ who are not counsel of record from reviewing plaintiff PII and briefs containing PII?

Thank you.


**Alex Severance** | Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
(202) 598-3123 | alexander.j.severance@usdoj.gov