# Exhibit G

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

RENE ANTONIO BENITEZ, J.R.H.L., DARWIN GARCIA
MEDRANO, H.L.A.O., A.M.C., HESLER ASAF GARCIA
LANZA, R.C.R., and F.R.P., on behalf of themselves
and others similarly situated, and WORKERS' CENTER
OF CENTRAL NEW YORK,

                                   Plaintiffs,

                v.

U.S. DEPARTMENT OF HOMELAND SECURITY;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland Security;
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; TODD M. LYONS, in his official
capacity as Senior Official Performing the Duties of
Director of U.S. Immigration and Customs Enforcement;
KENNETH GENALO, in his official capacity as Director
of Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement, New York City
Field Office; TAMMY MARICH, in her official capacity
as Acting Director of Enforcement and Removal
Operations, U.S. Immigration and Customs Enforcement,
Buffalo Field Office; U.S. CUSTOMS AND BORDER
PROTECTION; RODNEY S. SCOTT, in his official
capacity as Commissioner of U.S. Customs and Border
Protection; U.S. BORDER PATROL; MICHAEL W.
BANKS, in his official capacity as Chief of U.S. Border
Patrol; U.S. DEPARTMENT OF JUSTICE; TODD
BLANCHE, in his official capacity as the Acting Attorney
General of the United States; FEDERAL BUREAU OF
INVESTIGATION; KASH PATEL, in his official
capacity as Director of the Federal Bureau of
Investigation; U.S. MARSHALS SERVICE; and GADY
ACES S. SERRALTA, in his official capacity as Director
of the United States Marshals Service,

                                 Defendants.

------------------------------------------------------------------------------------------x

Civil Action No.
(26-cv-2082)

(Bulsara, J.)
(Wicks, M.J.)

1

Exhibit G - Page 2

## STIPULATED PROTECTIVE ORDER

Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS** that:

1.  Definitions:

    a.  "Action" shall mean the case captioned, *Rene Antonio Benitez, et al. v. Dep't of Homeland Security, et al.*, 26-cv-2082 (E.D.N.Y.), and any appeal therefrom.

    b.  "Protected Material" or "Confidential Information" as used herein, means information the disclosure of which to or by the Receiving Party would, in the good faith belief of the Producing Party, result in the disclosure of one or more of the following categories of information:

    > i.  names of Plaintiffs and non-parties (where disclosure could pose concerns about harassment or retaliation), contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, alien registration number ("A number"), immigration status, country of birth, passport numbers, driver's license numbers, foreign identification documents, information related to any pending applications for immigration relief or related appeals, and information that may otherwise be used to identify those individuals' true identities and/or any information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;
    >
    > ii. information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), or any other applicable federal or state

law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, immigration, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

iii. absent a waiver by the subject of the information, information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

iv. any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; or

v. sensitive information about law enforcement or national security staffing, resources, intelligence, and/or methods, as well as confidential government personnel information, including

Exhibit G - Page 4

identifying information, contact information, job titles, identifying numbers, duty locations, or other identifying details of non- public-facing supervisory and non-supervisory federal and non-federal employees and contractors involved in enforcement operations or custodial functions where disclosure of such information to the public may adversely impact identifiable law enforcement or national security interests, pose privacy or safety risks, or create operational concerns..

c.      "Protected Material–Attorneys' Eyes Only" or "Confidential–Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in discovery in this action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Paragraph 9 below but not identified in Paragraph 10 below would create a substantial risk of harm that could not be avoided by any less restrictive means. "Protected Material–Attorneys' Eyes Only" or "Confidential–Attorneys' Eyes Only Information" includes, but is not limited to, the names of any parties or declarants proceeding under pseudonym.

d.      For avoidance of doubt, "Protected Material" or "Confidential Information" are afforded the same meaning, and "Protected Material–Attorneys' Eyes Only" and "Confidential–Attorneys' Eyes Only Information" are afforded the same meaning.

e.      "Disclose" or "Disclosing" or "Disclosed" or "Disclosure" shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy or summary, or paraphrasing, or characterizing in a way that would undermine the purpose of designation would be considered a disclosure of the document itself for purposes of this Protective Order.

Exhibit G - Page 5

f. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

g. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

h. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

i. "Producing Party" shall mean the person or party producing in discovery or otherwise Disclosing Protected Material in the Action.

j. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information or Confidential–Attorneys' Eyes Only Information.

2. This Protective Order applies to discovery, pre-trial, and post-trial proceedings in this Action, whether the information is produced by a party or a person or entity who is not a party to this Action (a "non-party"). This Order does not govern the use of Confidential Information at trial, which shall be governed by the orders of the trial judge.

3. It is also hereby ORDERED that Defendants may: (a) produce documents to other parties that are protected by the Privacy Act or any other statute (consistent with Paragraph (1)(b)(iii) above), and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Confidential Information. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

4. This Protective Order shall not prejudice in any way any party's ability to challenge use or disclosure of information other than information designated as Confidential Information or Confidential–Attorneys' Eyes Only Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that

Exhibit G - Page 6

any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

5.      The protections conferred by this Protective Order do not cover any information that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, except that, to the extent that the Receiving Party becomes aware of information that identifies Plaintiffs or non-parties whose identities are designated Confidential–Attorneys' Eyes Only Information, the Receiving Party shall only disclose, summarize, describe, characterize, or otherwise communicate or make available such information in accordance with Paragraph 10.

6.      This Protective Order does not govern the use by the parties of Confidential Information or Confidential–Attorneys' Eyes Only Information in open court at any hearing or trial in this Action, but the parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information or Confidential–Attorneys' Eyes Only Information in connection with any such hearing or trial. The Parties further agree to meet and confer in advance of any such intended use of Confidential Information or Confidential–Attorneys' Eyes Only Information. Reference by the parties to designated material at a hearing or trial, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure (consistent with Paragraph (1)(b)(iii) above).

7.      Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information or Confidential–Attorneys' Eyes Only Information for any

Exhibit G - Page 7

purpose whatsoever with or without redaction and without Court approval. If any such use results in an affirmative disclosure that causes the Confidential Information or Confidential–Attorneys' Eyes Only Information to lose its designation, then it shall no longer be subject to any protection under this Protective Order.

8.      The designation of Protected Material may be made by the Producing Party or third-party by placing or affixing prominently on produced documents the words "PROTECTED MATERIAL", "PROTECTED MATERIAL–ATTORNEYS' EYES ONLY", "CONFIDENTIAL", or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" indicating the proprietary, sensitive, or confidential nature of the documents. Any party or third-party may also designate as Protected Material any documents, information, or material previously received or exchanged in this action or any administrative processes that preceded it. Stamping the words "PROTECTED MATERIAL", "PROTECTED MATERIAL–ATTORNEYS' EYES ONLY", "CONFIDENTIAL", or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" on the cover of any multi-page document will designate all pages of the document as Protected Material unless otherwise indicated by the Producing Party or third-party. Any electronically stored information, including electronically stored information produced in native file format, may be designated Protected Material or by affixing a label on the tape or disk consistent with the above or by embedding a "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.

9.      Protected Material or Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  a.      Counsel (including outside counsel) for the parties, including, for Defendants, associated Department of Justice personnel who agree to be bound by the protective order necessary to assist counsel in this Action, such

as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel, and for Plaintiffs, personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel; all such counsel or personnel described in this Paragraph 9.a are bound by this Protective Order without signing "Exhibit A";

b.      Current employees of the parties (including organizational counsel) assisting with respect to this Action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

c.      Any person with prior authorized access to the Confidential Information;

d.      Current employees of the Producing Party;

e.      Witnesses, potential witnesses, and deponents, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

f.      Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

g.      Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A". Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

Exhibit G - Page 9

h. Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

i. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

j. Court reporters, videographers, interpreters, and their staff; and

k. Any other person agreed to by the parties who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";.

10. Protected Material–Attorneys' Eyes Only or Confidential–Attorneys' Eyes Only Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Counsel of record for the parties, including, for Defendants, Department of Justice personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, and investigative personnel, and for Plaintiffs, personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, and investigative personnel; all such counsel or personnel described in this Paragraph 10.a are bound by this Protective Order without signing "Exhibit A";

b. Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision. All must agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A." Such

disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

    c.    Witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

    d.    This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

    e.    Court reporters, videographers, interpreters, and their staff; and

    f.    Any other person agreed to by the parties and agreed to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A."

11.    Persons receiving Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person not specified in this Protective Order.

12.    Counsel of record for the parties shall keep copies of all signed "Exhibit A" forms and shall, at request by counsel of record for any party, provide those copies to counsel of record in this Action.

13.    Counsel for the parties shall make good-faith, reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Confidential–Attorneys' Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

14.    All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Protected Material must maintain such Protected Material in their possession in a manner sufficient to protect such material

against unauthorized disclosure. This Order applies to all vendors, including without limitation, any copy service or document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all its vendors comply with this Order.

15. Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Protected Material, or any electronic image or database containing Protected Material, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

16. Prior to the use of any Confidential–Attorneys' Eyes Only Information at a deposition, conference, hearing, or trial, the Receiving Party shall first meet and confer with the Designating Party regarding the use of that information. Testimony regarding Protected Material taken at a deposition, conference, hearing, or trial, may be designated as Protected Material by counsel for the party or third-party that produced the underlying Protected Material or by counsel of a party to protect the interests of a third-party by making a statement to that effect on the record at the deposition or proceeding or in writing no later than thirty (30) days after receipt of the final transcript of the proceeding. Arrangements must be made with the Court for treatment of any such judicial proceedings. Arrangements must also be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcripts containing Protected Material and to label such portions appropriately. Persons other than persons authorized to receive access to Protected Material will be excluded from attendance during portions of depositions in this matter at which such Protected Material is shown or discussed.

17. An inadvertent failure to designate a document as Confidential Information or Confidential–Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. Neither party may introduce into evidence in any proceeding between the

parties, other than a motion to determine whether this Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Confidential–Attorneys' Eyes Only Information."

18.     The Receiving Party or its counsel shall not disclose documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the Producing Party. If a party designates a document as Confidential Information or Confidential–Attorneys' Eyes Only Information after it was initially produced, the Receiving Party, on notification of the designation, must promptly inform the Producing Party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Confidential–Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Confidential–Attorneys' Eyes Only Information.

19.     Nothing contained in this Protective Order prevents or in any way limits or impairs the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction or, subject to procedures that maintain the confidentiality of Protected Material consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction. Notwithstanding the foregoing, and for the avoidance of doubt, in no event may any individual's identifying information that is Disclosed or produced by Plaintiffs and designated Confidential–Attorneys' Eyes Only Information be used for purposes of immigration enforcement—i.e., arrest, detention, and/or deportation—or to effect ongoing removal proceedings, if such proceedings exist, as to any

individual whose identity is designated by Plaintiffs as Confidential–Attorneys' Eyes Only Information or their immediate family members.

20. Nothing herein prevents or in any way limits or impairs the ability of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States must notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and must (provided that there are no objections interposed by the Congressional entity requesting the documents) use reasonable efforts to notify the party designating the documents as Protected Material of the Congressional entity's request and the United States' response thereto.

21. The parties shall file any portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Protected Material under seal. Subject to order of the Court, that portion of any document containing Protected material must be maintained under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and persons authorized by this Protective Order. The filing of materials designated under this order will conform with Rule III.G of the Court's Individual Practices in Civil Cases and the "Steps for E-filing Sealed Documents - Civil Cases" for the United States District Court for the Eastern District of New York.

22. Counsel will endeavor to avoid revealing Protected Material in any oral hearings before the Court, except for trial. If any counsel finds it necessary to refer to Protected Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanisms may be available and appropriate to prevent disclosure of Protected Material as a consequence of such oral hearings to persons other than those authorized by this Order.

23. Further, in the event that any Protected Material is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Protected Material

in Court proceedings. If necessary, any dispute regarding the procedures for use of Protected Material in Court proceedings will be submitted to the Court for resolution.

24.     Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.

25.     Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other discovery material as Protected Material. Such objection must be made in writing and must state the basis of the objection. The parties will endeavor to avoid piecemeal objections to a production. Within fourteen (14) days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation. If no agreement is reached, the objecting party may file a motion or take pre-motion actions consistent with the Court's scheduling and standing orders regarding that objection and requesting the Court to determine that the designation is improper. On any such motion, the party claiming protection shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order. The documents shall be treated as originally designated until the Court rules on such motion.

26.     Within ninety (90) days after the final conclusion of the litigation of this action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated under this Protective Order or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the

normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT") and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a.    For material that contains or reflects Confidential Information or Confidential–Attorneys' Eyes Only Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order.

    b.    Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; signed "Exhibit A" forms; and any other parts of the trial record, even if such material contains Confidential Information or Confidential–Attorneys' Eyes Only Information. Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information or Confidential–Attorneys' Eyes Only Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

    c.    In particular, attorneys for the United States may maintain copies of any documents designated material in their case file for this Action and may maintain copies of any notes or summaries containing such material in their

case file for this Action, subject to 44 U.S.C. § 3101, *et. seq.*, and 5 U.S.C. § 552 *et. seq.*

27.     In the event of a disclosure of Protected Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party must immediately inform counsel for the party whose Protected Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party must also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Protected Material is made by anyone.

28.     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information in accordance with this Protective Order, has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

> a.     Promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information or Confidential–Attorneys' Eyes Only Information subject to this Protective Order;
>
> b.     Promptly make all reasonable efforts to obtain the return of the Confidential Information or Confidential–Attorneys' Eyes Only Information and to prevent further unauthorized disclosures of the Confidential Information or Confidential–Attorneys' Eyes Only Information, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order and execute a declaration in the form attached as "Exhibit A"; and

c.      Within five (5) calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information or Confidential–Attorneys' Eyes Only Information that was the subject of the unauthorized disclosure.

29.     By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

30.     Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Rule 26(b)(5)(B), on demand, a party must return to a Producing Party any material that the Producing Party identifies as privileged material that has inadvertently been produced in this action. The return of the documents does not eliminate the Receiving Party's right to challenge such designation by motion to compel or otherwise.

31.     Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

32.     This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Rules, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

33.     Any party may petition the Court for a modification of the terms of this Protective Order. The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

RENE ANTONIO BENITEZ, J.R.H.L., DARWIN GARCIA
MEDRANO, H.L.A.O., A.M.C., HESLER ASAF GARCIA
LANZA, R.C.R., and F.R.P., on behalf of themselves
and others similarly situated, and WORKERS' CENTER
OF CENTRAL NEW YORK,

           Plaintiffs,

              v.

U.S. DEPARTMENT OF HOMELAND SECURITY;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland Security;
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; TODD M. LYONS, in his official
capacity as Senior Official Performing the Duties of
Director of U.S. Immigration and Customs Enforcement;
KENNETH GENALO, in his official capacity as Director
of Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement, New York City
Field Office; TAMMY MARICH, in her official capacity
as Acting Director of Enforcement and Removal
Operations, U.S. Immigration and Customs Enforcement,
Buffalo Field Office; U.S. CUSTOMS AND BORDER
PROTECTION; RODNEY S. SCOTT, in his official
capacity as Commissioner of U.S. Customs and Border
Protection; U.S. BORDER PATROL; MICHAEL W.
BANKS, in his official capacity as Chief of U.S. Border
Patrol; U.S. DEPARTMENT OF JUSTICE; TODD
BLANCHE, in his official capacity as the Acting Attorney
General of the United States; FEDERAL BUREAU OF
INVESTIGATION; KASH PATEL, in his official capacity
as Director of the Federal Bureau of Investigation; U.S.
MARSHALS SERVICE; and GADY ACES S.
SERRALTA, in his official capacity as Director of the
United States Marshals Service,

           Defendants.

Civil Action No.
(26-cv-2082)

(Bulsara, J.)
(Wicks, M.J.)

              x

-------------------------------------------------

**FORM PROTECTIVE ORDER**
**EXHIBIT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Eastern District of New York in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate [him/her] to use

documents designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

in accordance with the Order, solely for the purpose of the above-captioned action, and not to

disclose any such documents or information derived directly therefrom to any other person, firm,

or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date:_____        _____
                                              Signature

Exhibit G - Page 20