**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSSETTS**

|  |  |
|---|---|
| MARIA L., *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 1:25-cv-13471-GAO |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR NON-PLAINTIFF DECLARANTS TO PROCEED USING PROTECTIVE ORDER**

1

**INTRODUCTION**

Should this Court grant Plaintiffs' opposed request to supplement the record with third-party declarations, Defendants do not oppose Plaintiffs' request to file the proposed declarations using initials. Defendants, however, do oppose the specific protective order Plaintiffs propose to govern third-party information, but do not oppose extending to the proposed third-party alien declarants the protective order as modified by Defendants' motion to modify the protective order governing the Individual Plaintiffs' information, ECF No. 77-1 ("Defs' Modified Protective Order"). The modified protective order makes clear that "in no event may the information disclosed to any individual in connection with this litigation be used to initiate additional immigration enforcement actions actions—i.e., detention and/or deportation—against Plaintiffs." *Id.* at 3.

The Court should decline to adopt Plaintiffs' proposed protective order for third-party declarants because Plaintiffs' reading of their proposed protective order prevents timely access to declarant PII by individuals at the Defendant Agencies whose access is necessary to verify third-party alien immigration histories and the circumstances surrounding their fine assessments. Without timely access to this information, Defendants are crippled in their efforts to fulsomely defend this litigation.

**BACKGROUND**

On November 20, 2025, Plaintiffs—the Individual Plaintiffs and Immigrant Legal Resource Center ("IRLC")—initiated this action. ECF No. 1. On December 9, 2025, Plaintiffs filed a motion seeking to stay agency action. ECF No. 19.

On December 26, 2025, Plaintiffs filed a motion for a Protective Order governing the treatment of "Plaintiffs' PII and all information that may be used to identify Plaintiffs" (together, "highly confidential information"). ECF No. 30-1 at 1. Defendants did not

2

oppose the protective order, ECF No. 38, based on their understanding that "counsel for Defendants" and "agents of counsel for Defendants" included counsel at the Defendant Agencies[1] and their agents. On January 9, 2026, Judge Joun granted Plaintiffs' proposed protective order. ECF No. 40.

After it became clear that the Parties disagree about the meaning of "counsel for Defendants" and the requirements of the protective order, Defendants filed a Motion to Modify the Protective Order, requesting that the protective order be modified to make clear "that Paragraph 4(a)'s 'Counsel for Defendants (and agents of such counsel) who have responsibility for this litigation' encompasses the full range of attorneys and support personnel who work for the multiple government agencies that are defendants in this lawsuit and their operational clients and partners," Defs' Modified Protective Order at 4.

On June 16, 2026, approximately seven months after Plaintiffs filed suit and moved for a stay of agency action, Plaintiffs filed three motions: (1) a motion for leave to supplement the record in support of Plaintiffs' stay motion with third-party declarations, ECF No. 81; (2) a motion for the third-party declarants to proceed using initials and for a protective order as to the third-party declarants, ECF No. 83 ("Pls' Mot. for Third-Party PO"); and (3) a motion for leave to file the third-party declarations under seal and *ex parte*, ECF No. 85.

Plaintiffs' motion for a third-party protective order seeks to impose the same restrictive protective order that currently governs the PII of the Individual Plaintiffs, which Defendants have shown to be unworkable and have sought to modify, *see* ECF No. 77. In

---

[1] The Defendant Agencies include the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), and Department of Justice ("DOJ").

response to Plaintiffs' present motion, Defendants incorporate the arguments outlined in their Motion to Modify the Protective Order, as well as the arguments outlined below.

## LEGAL STANDARD

Courts may limit disclosure of certain information by entering a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). This Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Attorneys' Eyes Only ("AEO") designation is proper only when information is highly sensitive, disclosure would create a substantial risk of harm, and the restricted party's ability to litigate effectively is not hampered. *See United States v. Swartz*, 945 F. Supp. 2d 216, 221 (D. Mass. 2013); *see also Koninklijke Philips*, 167 F. Supp. 3d at 272 (D. Mass. 2016) (considering whether limiting the dissemination of highly confidential information to certain attorneys would hamper prosecution of the case).

## ARGUMENT

I.    **Agency counsel and non-attorney agents of such counsel must have access to declarant aliens' PII to confirm their immigration histories, present statuses, and personal fine assessment considerations.**

Plaintiffs conveniently assert that "Defendants' ability to litigate this case is not impaired by a protective order. ECF No. 84 (Pls' Mem.) at 6 (citing *Doe v. Noem*, 2025 WL 990635, at *3 (D. Mass. Apr. 2, 2025)). While this is true under Defendants' proposed modification of the protective order governing the Individual Plaintiffs, *see* ECF No. 77, the protective order Plaintiffs propose for the third-party alien declarants—nearly identical to the protective order governing Plaintiffs' PII—severely impairs Defendants' ability to defend against Plaintiffs' claims. Specifically, Plaintiffs read the terms of their proposed protective order to allow only DOJ attorneys who have entered an appearance in this case, and DOJ

attorneys with direct supervisory responsibility for the litigation, to access declarant PII without the prior written consent of Plaintiffs or the Court. ECF No. 88 at 7, 9. They refer to this as an Attorney's Eyes Only designation, Pls' Mem. at 6, despite that they intend declarant PII to be accessible only to DOJ litigating attorneys, and not attorneys at the Defendant Agencies. Defendants have thoroughly outlined why such a protective order is unworkable as to the Individual Plaintiffs, *see* ECF No. 77—especially when Defendants draft their motion to dismiss following the Court's resolution of Plaintiffs' motion to stay agency action—and the same logic should be applied as to third-party declarants.

As Defendants outlined in their Motion to Modify the Protective Order governing Plaintiffs' PII, agency counsel perform vital functions that cannot be subject to Plaintiffs' approval. *Id.* at 9-10. While DOJ attorneys bear primary responsibility for drafting briefs and litigating in court, they do not have access to client databases or immigration law expertise. Agency Counsel and non-attorney operational clients with relevant database access and expertise carry primary responsibility for the factual development that informs Defendants' arguments. Of course, verifying a declarant alien's alleged immigration history and understanding whether that individual is seeking or has been granted an immigration protection or change in status is necessary in a suit focused on fines imposed based on an alien's status. Of course, such factual development—as well as an understanding of individual fine assessment considerations—is crucial here because Plaintiffs accuse Defendants of employing an alleged policy of imposing fines "without reference to or consideration of an individual's immigration history," ECF No. 82 at 2, and assert that an alien's individual circumstance can negate a finding of willfulness or voluntariness, ECF No. 1 at 17.

Despite Plaintiffs' bold assertion otherwise, there is great value in Defendants having a full understanding of the immigration histories and present circumstances of the alien Plaintiffs and proposed third-party alien declarants, alike. *See* Pls' Mem. at 6 (suggesting there is little value for Defendants in learning information about Individual Plaintiffs and declarants because Plaintiffs are challenging an alleged broad immigration policy). Plaintiffs have created a scenario whereby Defendants must parse through heavily redacted third-party declarations and attempt to identify which Defendant Agency attorneys and subject-matter experts are necessary to confirm factual assertions and fill in gaps, then have those individuals execute the proposed Exhibit A and wait for written consent from Plaintiffs to access alien PII. This resource-intensive, slow process handicaps Defendants' ability to contest Plaintiffs' factual allegations and develop informed arguments.

**II.     The proposed third-party declarants' fear of retaliation is undermined by the filing of numerous civil penalties lawsuits across the country with unredacted alien-plaintiff PII.**

Plaintiffs assert that the proposed third-party declarants fear retaliation for their participation in this suit in the form of Defendants seeking to effectuate their removal orders. Pls' Mem. at 4. They point to this fear of retaliation as justifying an extremely restrictive protective order that permits only litigating DOJ attorneys and their direct supervisors to freely view alien declarant PII and, by extension, briefing with argument referencing such PII. *See id.* at 6. But this claimed fear of retaliation is severely undermined by the filing of related suits around the country by aliens who did not fear filing under their full names and with unredacted declarations and exhibits attached to their complaints. *See A.B. v Mullin*, et al., Case No. 1:26-cv-12746 (D. Mass.) (containing removal order and fine details); *Leny Andriana v. Mullin*, et al., Case No. 5:26-cv-02358-SP (C.D. Cal.) (containing identifying information, dates of removal orders, and fine notices); *Arcadio Sanchez v. Mullin,*

*et al.*, Case No: 1:26-cv-03591-JLT-CDB (E.D. Cal.) (same); *Bun Thavy Lour v. U.S. Department of Homeland Security, et al.*, Case No. 2:26-cv-06388-CAS-PD (C.D. Cal.) (same); *Charity Mtine Mwenda v. Mullin, et al.*, Case No. 3:26-cv-00552-DJN (E.D. Va.) (same); *Prawl Natalia v. Mullin, et al.*, Case No. 1:26-cv-22439-JEM (S.D. Fla.) (same); *Maria De Jesus Fuentes v. Mullin, et al.*, Case No. 2:26-cv-06511-KS (C.D. Cal.) (same); *Edith Funez v. Mullin*, et al., Case No. 1:26-cv-23315-DSL (S.D. Fla.) (same); *Nasrin Omar v. Mullin*, Case No. 5:26-cv-02611-SSS-SP (S.D. Cal.) (including unredacted exhibits such as removal order and fine notice); *Chunxiang Lin v. Mullin, et al.*, Case No; 8:26-cv-01569-VMC-TGW (M.D. Fla.); (including unredacted exhibits); and *Hai Zheng v. Mullin, et al.*, Case No. 2:26-cv-06011-BRM (D.N.J.) (including unredacted exhibits).

Defendants note that they do not object to the adoption of a reasonable protective order as to the proposed third-party declarants, in the event the Court allows Plaintiffs to supplement the record over Defendants' objections. Indeed, the modified protective order Defendants propose as to the Individual Plaintiffs limits access to alien declarant PII and other identifying information to those at the Defendant Agencies who "have supervisory or operational responsibility for this litigation," ECF No. 77. Defendants' proposed protective order also explicitly states that "in no event may the information disclosed to any individual in connection with this litigation be used to initiate additional immigration enforcement actions—*i.e.*, detention and/or deportation—against Plaintiffs." ECF No. 77-1 at 3. The Government proposes adoption of the same protective order here.

## CONCLUSION

Should the Court grant Plaintiffs leave to file third-party declarations over Defendants' objections, Defendants take no issue with the third-party declarants filing using initials and under Defendants' proposed protective order, attached herein for reference. The

protective order Plaintiffs propose, however, cripples the Government's ability to efficiently

and effectively litigate this case. As such, the Court should deny Plaintiffs' motion.

Dated: June 30, 2026     Respectfully submitted,

            BRETT A. SHUMATE
            Assistant Attorney General
            Civil Division

            KRISTINA A. WOLFE
            Assistant Director
            Federal Programs Branch

            */s/ Alexandra L. Yeatts*
            ALEXANDRA YEATTS (CA Bar No. 358762)
            Trial Attorney
            U.S. Department of Justice,
            Civil Division, Federal Programs
            1100 L Street, N.W.
            Washington, DC 20005
            Tel: (202) 353-5677
            Email: alexandra.yeatts@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Alexandra L. Yeatts, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 30, 2026

/s/ *Alexandra L. Yeatts*
Trial Attorney

1