**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS**

|  |  |
|---|---|
| MARIA L., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al.*,<br><br>*Defendants.* | No. 1:25-cv-13471-GAO |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO FILE THIRD-PARTY DECLARATIONS UNDER SEAL AND EX PARTE</u>

**INTRODUCTION**

Plaintiffs seek leave to file redacted versions of third-party declarations on the public docket and unredacted versions of those declarations under seal[1] and *ex parte*, ECF No. 85. Defendants oppose the untimely filing of third-party declarations in support of Plaintiffs' motion to stay agency action for the reasons raised in the Defendants' opposition to Plaintiffs' motion seeking leave to file the declarations. *See* ECF No. 90. Should this Court grant Plaintiffs' opposed request to supplement the record with third-party declarations, Defendants have no objection to Plaintiffs filing redacted versions of those declarations on the public docket. Nor do Defendants oppose Plaintiffs' request to submit unredacted versions of the third-party declarations under seal, so long as Plaintiffs understand "under seal" to mean accessible to both Parties—specifically, Department of Justice ("DOJ") attorneys and their agents, as well as the full range of attorneys and support personnel who work for the Defendant Agencies and their operational clients and partners. Defendants oppose Plaintiffs' request for leave to submit the unredacted version of the third-party declarations *ex parte*, a practice that is generally disfavored. *Ex parte* submission would severely disadvantage Defendants' ability to respond fulsomely to the new allegations set forth in the declarations and thus, to effectively defend this matter.

**BACKGROUND**

On November 20, 2025, Plaintiffs—the Individual Plaintiffs and Immigrant Legal Resource Center ("IRLC")—initiated this action, ECF No. 1, and, on December 9, 2025, Plaintiffs filed a motion seeking to stay agency action, ECF No. 19.

---

[1] Defendants note that Plaintiffs do not explicitly indicate in their motion whether they seek leave to file redacted or unredacted declarations under seal. ECF No. 85 at 2. Defendants understand Plaintiffs to be seeking leave to file unredacted versions of the third-party declarations *ex parte*, then under seal (and, therefore, accessible to both Parties) once a protective order as to the third-party declarants is in place. Defendants oppose the protective order Plaintiffs suggest to govern third-party information, *see* ECF No. 84.

Approximately seven months later, on June 16, 2026, Plaintiffs filed three motions: (1) a motion for leave to supplement the record in support of Plaintiffs' stay motion with third-party declarations, ECF No. 81; (2) a motion for the third-party declarants to proceed using initials and for entry of a protective order as to the third-party declarants, ECF No. 83; and (3) a motion for leave to file the third-party declarations under seal and *ex parte*, ECF No. 85.[2]

As to the third motion, it is Defendants' understanding that Plaintiffs seek leave to file twelve redacted declarations by nonparties (including declarations by nonparty aliens, family members and attorneys of nonparty aliens, and a declaration by lead counsel in this suit) on the public docket, and to submit the unredacted versions *ex parte*, and then under seal once a protective order is adopted to govern third-party information. Defendants oppose the *ex parte* filing and the protective order proposed by Plaintiffs, *see* ECF No. 84, which severely limits Defendants' access to the substantive information contained in the unredacted declarations, such as the third-party aliens' Alien Registration Numbers, dates of removal orders, and dates of fine notices, ECF No. 83-1 at 1-2— information Defendants must be able to access to defend this suit.

## LEGAL STANDARD

"*Ex parte* submissions 'generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them.'") *Chekkouri v. Obama,* 158 F. Supp. 3d 4, 5–6 (D.D.C. 2016) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, (D.C.Cir.1995)); *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 4684842, at *7 (N.D. Cal. Sept. 19, 2014) ("[C]ourts may conduct *in camera* review to assess the scope of privilege or confidentiality, but not to rule on the merits of an

---

[2] Defendants similarly opposed Plaintiff's Motion for Leave to submit unredacted versions of Plaintiffs' declarations under seal and *ex parte*. ECF No. 23 at 6. The Court did not reach the *ex parte* request because Plaintiffs' motion for a Protective Order was granted. ECF No. 40.

underlying disputed issue."). Furthermore, "[ou]r system of justice does not encompass ex parte determinations on the merits of cases in civil litigation." (internal quotation marks omitted). *Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 67 (1st Cir. 1984).

## ARGUMENT

As raised in Defendants' opposition to Plaintiffs' motion for leave to supplement the record, ECF. No. 92, Plaintiffs are attempting to rely on third-party declarants to "corroborate" the individual Plaintiffs' experiences, substantiate an alleged government policy or practice, and further demonstrate the irreparable harm raised in their stay motion. ECF No. 82 at 3–4. While Defendants oppose supplementing the record, if afforded leave to do so, Defendants have no way themselves of "corroborating" the unique information provided in the third-party declarations as long as they are without access to the unredacted versions. Plaintiffs cannot express the "corroborating" nature of these declarations to the named Plaintiffs but then withhold pertinent information through ex *parte* submission.[3] Additionally, Plaintiffs assert that "individualized assessments" are necessary to meet statutory prerequisites for imposing civil penalties under Sections 1229c and 1342d. ECF. No. 1 at ¶ 67. Speaking to the individualized assessments that occurred requires Defendants' viewing of alien immigration histories and fine information.

Because the third-party declarations contain substantive information, such as dates of orders of removal and dates of notices of fine information ". . . receipt and review by the district court of [ex parte evidence] for the purpose of assisting it to make factual determinations or to evaluate other evidence violate[s] principles of due process upon which our judicial system depends to resolve disputes fairly and accurately." *Lynn v. Regents of Univ. of California*, 656 F.2d 1337, 1345–48 (9th Cir.

---

[3] Apart from the third-party declarations, one of the declarations that was allegedly directly pertinent to one of the named Plaintiffs was amended to clarify that referenced collection efforts were "unrelated to the civil penalties at issue in this case." ECF No. 89.

1981). Defendants must be afforded an opportunity to review facts and information relevant to defending this matter, regardless of whether there is a protective order in place. For example, this District has considered demonstrating a "sufficient need for the material in order to adequately contest the government's assertions" valid reasons for requiring *ex parte* materials containing Sensitive Security Information (SSI) be produced to the opposing party. *Khairullah v. McHenry*, 2025 WL 401194, at *2 (D. Mass. Jan. 31, 2025) (holding that Plaintiffs had a substantial need for the SSI contained in an *ex parte* declaration to "fairly adjudicate the venue, transfer, and standing issues.") Defendants similarly here cannot contest Plaintiffs' assertions, or verify them, without sufficient access to the information Plaintiffs seek to shield.

I. **If allowed to supplement, *ex parte* submission would prejudice Defendants and cripple their ability to defend this matter.**

Plaintiffs have sought leave to submit unredacted declarations *ex parte* that contain basic identifying information and substantive information such as the third-parties' Alien Registration Numbers, the month and day of removal orders, and dates of fine notices. ECF No. 83-1. Separately, Plaintiffs have also sought leave for the third-party declarants to proceed using initials, and for a broad protective order, which Defendants oppose, that would shield the nonparty declarants' true names, date of birth and/or age, address and general geographic location, country of origin, Alien Registration Number, month and day of removal orders, and amounts of fines, the dates of fine notes, etc., as allegedly "highly confidential." ECF No. 83.

At this juncture, while Defendants dispute the relevance of the third-party declarations entirely, *see* ECF No. 90, if allowed, *ex parte* submission of unredacted versions of the twelve declarations cripples undersigned counsels' ability unable to obtain basic information or confer with agency clients to adequately contest Plaintiffs' factual allegations and defend against Plaintiffs' claims. For these reasons, extending a protective order to the third-party declarants does not fix the

issues because undersigned counsel cannot confer with their clients. Plaintiffs' motion to extend the current protective order to the third-party declarants would further cripple Defendants' ability to defend this matter because it does not provide Defendants with a "reasonable opportunity to know the claims of the opposing party and to meet them"—a "fundamental precept of our system of justice." *Chekkouri*, 158 F. Supp. 3d at 5-6. As explained in Defendants' motion to modify the protective order, ECF. No 77, undersigned counsels have encountered significant roadblocks attempting to comply with Plaintiffs' narrow reading of the current protective order, and that is to named Plaintiffs. Extending the narrow protective order to third-party declarants would most certainly cause the same issues and continue to hinder Defendants' ability to defend this matter at a basic level.

Ultimately, the unworkability of the current protective order in this matter is further perpetuated under *ex parte* submission. For these reasons, this Court should deny Plaintiffs' motion for leave to file the under seal and *ex parte*.

## II.    Other lawsuits reference the kinds of information Plaintiffs seek leave to protect.

Several litigants have filed related suits around the country, most using their full names and absent redactions, including attached exhibits. These individuals did not feel the need to hide the information Plaintiffs here seek to shield, such as dates of removal orders, and fine information. Defendants have conducted a nationwide search and uncovered several pending cases of this nature. Pending matters include *Leny Andriana v. Mullin*, et al., Case No. 5:26-cv-02358-SP (C.D. California) (containing identifying information, dates of removal orders, and fine notices); *Arcadio Sanchez v. Mullin, et al.*, Case No: 1:26-cv-03591-JLT-CDB (E.D. California) (same); *Bun Thavy Lour v. U.S. Department of Homeland Security, et al.*, Case No. 2:26-cv-06388-CAS-PD (C.D. California) (same); *Charity Mtine Mwenda v. Mullin, et al.*, Case No. 3:26-cv-00552-DJN (E.D. Virginia) (same); *Prawl*

6

*Natalia v. Mullin, et al.*, Case No. 1:26-cv-22439-JEM (S.D. Florida) (same); *Maria De Jesus Fuentes v. Mullin, et al.*, Case No. 2:26-cv-06511-KS (C.D. California) (same); *Edith Funez v. Mullin*, et al., Case No. 1:26-cv-23315-DSL (S.D. Florida) (same); *Nasrin Omar v. Mullin*, Case No. 5:26-cv-02611-SSS-SP (S.D. California) (including unredacted exhibits such as removal order and fine notice); *Chunxiang Lin v. Mullin, et al.*, Case No; 8:26-cv-01569-VMC-TGW (M.D. Florida); (including unredacted exhibits); and *Hai Zheng v. Mullin, et al.*, Case No. 2:26-cv-06011-BRM (D. New Jersey) (including unredacted exhibits).

In light of the above, Plaintiffs are hard-pressed to articulate concerns justifying *ex parte* submission of unredacted third-party declarations.

## CONCLUSION

This Court should deny leave because Plaintiffs' request, if granted, would impede and disadvantage Defendants' ability to defend this matter. Litigative efforts around the country indicate that Plaintiffs' multi-layered request for protection well-exceed the norm.

Dated: June 30, 2026.                     Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

KRISTINA A. WOLFE
Assistant Director
Federal Programs Branch

*/s/Lindsey E. Gilman*
Lindsey E. Gilman (AZ Bar No. 034003)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.

Washington, DC  20005
Tel: (202) 598-3123
Email: Lindsey.E.Gilman@usdoj.gov

## CERTIFICATE OF SERVICE

I, Lindsey E. Gilman, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: July 7, 2026.

/s/ *Lindsey E. Gilman*
Lindsey E. Gilman