UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA L., *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; *et al.* <br><br> *Defendants*. | Case No. 1:25-cv-13471-GAO <br><br> Hon. George A. O'Toole |

**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF
PLAINTIFFS' MOTION TO STAY AGENCY ACTION**

Plaintiffs respectfully request leave pursuant to Local Rule 7.1(b)(3) to submit an additional declaration in support of Plaintiffs' Motion to Stay Agency Action, ECF No. 19 (Dec. 9, 2025). Specifically, Plaintiffs request leave to submit Exhibit A, Declaration of Nancy M. ("Nancy M. Decl."), which explains that Individual Plaintiff Nancy M. has now obtained lawful permanent resident status—a fact that bears directly on Plaintiffs' allegations regarding Defendants' policy and practice of failing to consider individual circumstances when issuing fines pursuant to Sections 1229c and 1324d. Plaintiffs are contemporaneously filing a motion for leave to file under seal the PII contained in Exhibit A.

Since Plaintiffs filed their Motion to Stay Agency Action, including Nancy M.'s declaration, ECF No. 20-2, and their prior motion to supplement the record, ECF No. 81, Nancy M. was approved for an immigrant visa and subsequently admitted as a lawful permanent resident, Nancy M. Decl. ¶ 25. This was the culmination of a years-long process involving the submission to Department of Homeland Security ("DHS") component United States Citizenship and Immigration Services ("USCIS"). *See id.* at ¶¶ 10–18. Despite having actual knowledge of Nancy M.'s ongoing efforts to obtain lawful permanent resident status and despite DHS component U.S.

Immigration and Customs Enforcement ("ICE") having affirmatively permitted her to remain in the U.S. under an order of supervision, Defendants nonetheless issued and affirmed a fine of $1.82 million against her on the basis that she had "willfully" failed or refused to depart. *See id.* at ¶¶ 4–7.

The Court should grant Plaintiffs leave to submit Nancy M.'s supplemental declaration, which attests to these facts. This Court routinely considers supplemental declarations as part of the record in deciding whether to grant preliminary relief. *E.g.*, *TriMark USA, Inc. v. Performance Food Group Co., LLC*, 667 F. Supp. 2d 155, 157 n.1 (D. Mass. 2009); *Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, 2019 WL 13251080, at *4 n.2 (D. Mass. Apr. 23, 2019); *see also Moradi v. Morgan*, 527 F. Supp. 3d 144, 149 (D. Mass. 2021) (allowing the filing of a supplemental declaration in support of summary judgment because it did not prejudice the other party and was responsive to issues raised at a hearing); *cf. Rice v. Wells Fargo Bank, N.A.*, 2 F. Supp. 3d 25, 31 (D. Mass. 2014) ("Courts have "broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction."). Supplementing the record is appropriate where, as here, new evidence is available, relevant, and further substantiates the claims already made. *See All. for Retired Ams. v. Bessent*, 2025 WL 1744617, at *2 (D.D.C. Feb. 11, 2025).

Nancy M.'s supplemental declaration further substantiates Plaintiffs' claims that Defendants have a "Blanket Fine Policy" and do not adequately consider individual circumstances when assessing and considering appeals of the civil immigration fines at issue. As noted above, at the time that ICE fined Nancy M. $1.82 million dollars for allegedly willfully failing to depart after an order of removal (despite allowing her to remain in the United States under an Order of Supervision), another DHS component, USCIS, had already approved her Form I-130, I-212, and I-601A applications, allowing her to apply for an immigrant visa through State Department consular processing and then reenter the United States as a lawful permanent resident, nullifying the order of removal. *See* Nancy M. Decl. ¶¶ 7, 11–12, 16. Simply put, DHS knew that Nancy M. had not willfully failed or refused to depart the United States, yet it fined her anyway.

Moreover, Nancy M.'s supplemental declaration, submitted just over a week after she obtained lawful permanent resident status, will not surprise or otherwise prejudice Defendants. Since the filing of the complaint, Defendants have known that Nancy M. had a pending family-based immigration relief application that would allow her to become a lawful permanent resident. *See* ECF No. 1 ¶¶ 19, 141. The supplemental declaration simply confirms what Nancy M. has alleged all along—that she did not willfully fail or refuse to depart following an order of removal because she was pursuing a lawful pathway to remain in the United States. *See id.* at ¶¶ 140–143.

For these reasons, the Court should grant this motion and allow Plaintiffs to supplement the record, as it will enable the Court to fully consider all relevant facts—including those that have arisen after the Motion was filed—in determining whether a stay is appropriate under 5 U.S.C. § 705.

Dated: July 17, 2026

Hasan Shafiqullah[*]
Evan Henley (BBO No. 688663)
The Legal Aid Society
49 Thomas Street, Floor 5
New York, NY 10013
(212) 577-3300
HHShafiqullah@legal-aid.org
EWHenley@legal-aid.org

Kristy Blumeyer-Martinez[*]
Refugee and Immigrant Center for
Education and Legal Services (RAICES)
P.O. Box 786100
San Antonio, TX 78278
(210) 960-3206
kristy.blumeyermartinez@raicestexas.org

David Bennion[*]
Free Migration Project
426 E. Allegheny Ave, Unit 306
Philadelphia, PA 19134
(646) 441-0741
david.bennion@freemigrate.org

Ranganath T. Sudarshan[*]
Stephen Rees[*]
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
srees@cov.com

Addison Thompson[*]
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
athompson@cov.com

*Counsel for Plaintiffs*

Respectfully submitted,

*/s Charles Moore*
Charles Moore (BBO No. 708061)
Mariam Elbakr[*]
Shelby Leighton[*]
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 861-5226
cmoore@publicjustice.net
melbakr@publicjustice.net
sleighton@publicjustice.net

Alina Das[*]
Ajay Singh[†]
Ximena Valdarrago[†]
NYU Immigrant Rights Clinic
Washington Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430
alina.das@nyu.edu
as11021@nyu.edu
xfv201@nyu.edu

Leila Nasrolahi[*]
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
lnasrolahi@publicjustice.net

Joy Chen (BBO No. 714192)
Covington & Burling LLP
One International Place, Suite 1020
Boston, MA 02110
(617) 603-8800
jchen@cov.com

[*] admitted pro hac vice
[†] law student rendering assistance pursuant
to Local Rule 83.5.4(k)

4

## **LOCAL RULE 7.1(a)(2) CERTIFICATE OF COMPLIANCE**

On July 17, 2026, undersigned counsel conferred with counsel for Defendants regarding the relief requested herein. Counsel for Defendants' position is that Defendants are unable to take a position on Plaintiffs' Motion to Supplement the Record until Defendants are able to confirm Nancy M.'s present immigration status.

*/s Charles Moore*
Charles Moore

## **CERTIFICATE OF SERVICE**

I certify that, on July 17, 2026, I caused the aforementioned document to be served via email on all counsel of record through the CM/ECF system.

*/s Charles Moore*
Charles Moore

5