UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA L., *et al.*<br><br>　　*Plaintiffs*,<br><br>　　　v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; *et al.*<br><br>　　*Defendants*. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole |

## DECLARATION OF PLAINTIFF NANCY M. IN SUPPORT OF PLAINTIFFS' MOTION TO STAY AGENCY ACTION

I, Nancy M., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and accurate to the best of my knowledge:

1.　　I am using the name Nancy M. and am submitting this declaration in support of Plaintiffs' Motion to Stay Agency Action, ECF No. 19, currently pending before the Court.

2.　　I am one of the two individual plaintiffs in this case. I am using a pseudonym, Nancy M., in order to keep my identity hidden from the public in case of harassment, and to keep it hidden from the Department of Homeland Security (DHS) because I was afraid of retaliation.

3.　　Back in ████, I received a removal order from an immigration judge. In 2008, my appeal of that order was denied by the Board of Immigration Appeals.

4.　　On ████████, DHS issued me a fine for $1,8███ under the Immigration and Nationality Act § 274D, 8 U.S.C. § 1324d, for allegedly "willfully" failing or refusing to depart after receiving the deportation order.

5.　　On ████████, through my lawyers, I filed an appeal of the fine, raising various defenses and explaining that I had not willfully failed or refused to depart.

6.    On ███████████, DHS affirmed the fine and dismissed my appeal, without addressing any of my defenses or providing any explanation for its determination.

7.    DHS has long known that I did not willfully refuse to depart. Since ███████████, I have been on an Order of Supervision with U.S. Immigration and Customs Enforcement (ICE), and ICE is a part of DHS. I have been regularly checking in with ICE under the Order of Supervision. I attended check-ins with ICE in ███████████, ███████████, ███████████, ███████████, ███████████, ███████████, ███████████, ███████████, ███████████, ███████████, and ███████████.

8.    Through ICE's Order of Supervision, DHS has permitted me to stay in the United States. Just on that basis alone, it should be clear that I have not willfully failed or refused to depart, so issuing the fine against me makes no sense. But that's not all.

9.    DHS has long known that I was trying to get lawful permanent resident (LPR) status. Because of the various steps I was taking to obtain LPR status, I was not willfully failing or refusing to depart.

10.    All the way back in ███████████, my husband filed a Form I-130 Petition for Alien Relative on my behalf with U.S. Citizenship and Immigration Services (USCIS), which is a part of DHS. USCIS approved the Form I-130 in ███████████. Unfortunately, that marriage did not work out, and we were divorced in ███████████.

11.    In ███████████, my mother, who is ███████████, filed a Form I-130 petition for me with USCIS. USCIS approved the Form I-130 in ███████████.

12.    In ███████████, I filed with USCIS a Form I-212 Application to Reapply for Admission After Deportation or Removal. USCIS approved my Form I-212 in ███████████ based on the extreme hardship my LPR mother would suffer if I were to be denied the permission to re-enter the U.S. The extreme hardship is based on the fact that she is suffering from ███████████, and she depends upon me to help take care of her.

13.    In ███████████ and ███████████, I filed with ICE applications for a stay of removal. ICE granted me a one-year stay of removal, in ███████████.

14.    In ▮▮▮▮▮▮▮▮, I filed with ICE a new application for a stay of removal. ICE denied that request in ▮▮▮▮▮▮▮.

15.    In ▮▮▮▮▮▮, I filed with ICE a new application for a stay of removal. To my knowledge, ICE has not issued a decision on that request.

16.    In ▮▮▮▮▮▮, I filed with USCIS a Form I-601A Provisional Unlawful Presence Waiver application. USCIS approved my Form I-601A in ▮▮▮▮▮▮▮, again based on the extreme hardship my LPR mother would suffer if I were to be denied the waiver.

17.    In ▮▮▮▮▮▮▮, I filed a motion to reopen and terminate with the Board of Immigration Appeals. That motion is still pending.

18.    DHS was aware of all of these steps I was taking before it issued its fine notice against me. But it issued the fine anyway, alleging that I was willfully failing or refusing to depart.

19.    I explained all these steps in my appeal of the fine, but DHS upheld the fine and dismissed my appeal anyway, finding that I was willfully failing or refusing to depart.

20.    None of that makes any sense to me.

21.    I received collections notices from private debt collectors in ▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮, and ▮▮▮▮▮▮.

22.    Based on my approved Form I-130 by my mother, I-212, and I-601A, I went through the steps for consular processing, in order to apply for an immigrant visa through the State Department's U.S. Consulate in ▮▮▮▮▮▮▮▮.

23.    I attended my consular interview in ▮▮▮▮▮▮ on ▮▮▮▮▮▮.

24.    The consulate approved my immigrant visa on ▮▮▮▮▮▮.

25.    I returned to the U.S. on ▮▮▮▮▮▮. After being inspected by U.S. Customs and Border Protection (CBP) at the port of entry at ▮▮▮▮▮▮▮ Airport in ▮▮▮▮▮▮▮, I was admitted by CBP as an LPR.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in ██████████████, on this 17th day of July, 2026.

SIGNATURE

## CERTIFICATE OF TRANSLATION

I, HASAN SHAFIQULLAH, hereby declare that I am competent to translate between the Spanish and English languages. On July 14, 2026, I read and translated the foregoing Declaration into the Spanish language to Nancy M., and believe that she understands the contents thereof.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2026

Hasan Shafiqullah
Legal Aid Society
49 Thomas St., 5th Floor
New York, NY 10013
(646) 745-7166