# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIA L., *et al.*

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; *et al.*

*Defendants*.

Case No. 1:25-cv-13471-GAO

Hon. George A. O'Toole

**LEAVE TO FILE GRANTED SEPT. 30, 2026**

**DECLARATION OF F.G. IN SUPPORT OF PLAINTIFFS' MOTION TO STAY AGENCY ACTION**

I, F.G., hereby declare under penalty of perjury the following is true and accurate to the best of my knowledge:

1. My name is F.G. and I submit this declaration in support of Plaintiffs' Motion to Stay Agency Action, ECF No. 19, currently pending before the Court.

2. I am submitting this declaration using my initials because I am fearful of my information becoming available to the government and the general public. I worry that the government might try to retaliate against me if they know that I provided this declaration, and I am also concerned that I could be targeted by members of the general public if my identity were to be revealed.

3. I received a fine for roughly $1.8 million from the Department of Homeland Security ("DHS") because they claim I have willfully failed or refused to depart from the United States. However, since at least [redacted] I have been present with the full knowledge and consent of DHS. Since [redacted] I have been checking in regularly with Immigration and Customs Enforcement ("ICE") under an order of supervision. DHS has also granted me deferred action and a bona fide

determination of eligibility for a U visa as a victim of crime here in the United States. As I understand it, that means that DHS is choosing not to remove me from the country because I am eligible to pursue—and hopefully soon achieve—lawful status in the United States. I cannot understand why the government would claim that I have "failed to depart" when they have actually given me permission to stay.

4. In [redacted] I was ordered removed by an immigration judge, and I appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed my appeal in [redacted].

5. After the BIA dismissed my appeal, I was granted a stay of removal by the U.S. Court of Appeals for the [redacted]. That stay of removal was based on a due process issue with my removal proceedings, namely that the immigration judge excluded witness testimony that may have prejudiced my case.

6. I was then placed on an order of supervision with ICE. I reported to ICE under that order of supervision in [redacted] and [redacted]. My next check-in date is scheduled for [redacted].

7. In [redacted], I was the victim of an aggravated robbery while I was at work. I cooperated with law enforcement in the investigation and prosecution of the individual who committed the crime. Charges were filed against this individual later that year, and he was ultimately convicted.

8. As a result, in [redacted] I applied with U.S. Citizen and Immigration Services ("USCIS") for U nonimmigrant status.

9. While my application for U nonimmigrant status was pending, I appeared for biometrics appointments several times. At those appointments, recorded my fingerprints, took my photograph, and noted my biographic information.

10. In [redacted] I received a letter USCIS informing me that my application for U nonimmigrant status is bona fide and that I would be granted deferred action. My understanding is this means that USCIS found my case to be meritorious and that the government would not prioritize my removal while the U visa application was pending.

11. I understand that if my application is ultimately successful, I will be eligible to adjust my status to a lawful permanent resident.

12. Based on the grant of deferred action, I currently have employment authorization that will remain valid until [redacted]

13. In [redacted] I received from DHS a "Notice of Violation and Order," notifying me that I had "willfully failed or refused to depart from the United States" since [redacted] when the BIA dismissed my appeal. As a result, the notice claimed that I owed over $1.8 million to the government.

14. At first, I thought this was a scam. I have heard of many people trying to scam immigrant like myself, and I could not believe that the government would do something like this. But I learned that this was legitimate when I spoke with my attorney.

15. With the help of my attorney, I appealed the fine. I provided an affidavit and several documents regarded the circumstances of my case. As detailed above, I pointed out that I appealed my removal order, received a stay of removal, consistently reported under an order of supervision, applied for a U visa, and was granted a bona fide determination and deferred action.

16. It was very difficult to respond to the notice by the deadline. Although the notice was dated [redacted] I did not receive the notice until [redacted] That left me with very little time to respond within the deadline of fifteen business days.

17. On [redacted] I received an "Appeal Decision and Order," affirming the fine of over $1.8 million. That decision and order was on a standardized form with check boxes. It does not seem that the government even considered my circumstances. In fact, there are check marks stating that a "written response" was provided with my appeal, but whoever filled out the form did not check the box indicating that there was "documentary evidence" submitted with my appeal. In

reality, I submitted at least [redacted] different documents, totaling [redacted] pages, showing that I had the permission of the government to remain present in the country. But it doesn't seem like they considered any of it.

18. This has emotionally put constant fear, and daily stress on me and my family. I fear that the government is planning to pursue collection at any time and I will lose my business and retirement accounts. I have invested many years and money in my education in the United States. I have a professional degree and my business serves many in the community who are elderly and/or disabled. The community has depended on me and I have built long lasting relationships. I have worked hard and saved for my children's future, financially invested in all my five US born- citizen children. The thought that all that I have worked for while complying with conditions on my stay, can be taken without notice is extremely distressing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in [redacted] on the 11th day of June, 2026.

[redacted]

F.G.