# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIA L., *et al.*

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; *et al.*

*Defendants*.

Case No. 1:25-cv-13471-GAO

Hon. George A. O'Toole

**LEAVE TO FILE GRANTED SEPT. 30, 2026**

**DECLARATION OF O.I.. IN SUPPORT OF PLAINTIFFS' MOTION TO STAY AGENCY ACTION**

I, O.I., hereby declare under penalty of perjury the following is true and accurate to the best of my knowledge:

1. My initials are O.I., and I submit this declaration in support of Plaintiffs' Motion to Stay Agency Action, ECF No. 19, currently pending before the Court.

2. I am using only my initials, rather than my full name, because I am afraid of retaliation by the Defendants.

3. I received a fine of over $1.82 million pursuant to 8 U.S.C. § 1324d(a).

4. I have not willfully failed to depart the United States following a final order of removal.

5. I am a stateless individual and cannot depart the United States, as I have nowhere to go.

6. I arrived in the United States in [redacted], with a passport from the [redacted] and a B2 visa.

7. At the time, I was seventeen years old.

8. Later, I met my husband, a United States citizen.

9. We had our first United States citizen child together in [redacted] and were married in [redacted] Our second United States citizen child was born in [redacted].

10. An immigration judge ordered my removal in [redacted].

11. The Board of Immigration Appeals dismissed my appeal in [redacted], at which point my order of removal became final.

12. The next month, in [redacted], an Immigration and Customs Enforcement ("ICE") Field Office Director ordered that I be placed under an order of supervision permitting me to remain at liberty under certain conditions.

13. From [redacted] to present, I have complied with all requirements under the Order of Supervision and have regularly appeared for check-in appointments with ICE.

14. At the time I entered the United States, I was a citizen of [redacted], a state that no longer exists.

15. As required by the Order of Supervision, my deportation officer and I contacted the embassies of three countries that formally comprised [redacted] in an attempt to obtain a passport or travel documents.

16. Two of the embassies responded that I was not a citizen. The third responded that I could potentially obtain citizenship if I met certain criteria; however, I cannot meet any of the listed criteria.

17. Therefore, I am stateless. I cannot obtain a passport or travel document that would allow me to repatriate.

18. The Department of Homeland Security ("DHS") and ICE know that I am stateless and am unable to depart the United States and repatriate, as I kept them regularly apprised of my efforts to obtain a passport or travel documents, in compliance with my Order of Supervision.

19. Yet, on [redacted] DHS issued me a Notice of Intention to Fine, alleging that I had willfully failed or refused to depart from the United States pursuant to a final order of removal and that DHS intended to fine me over $1.82 million.

20. The Notice of Intention to Fine does not contain any specific factual allegations regarding my alleged willful failure or refusal to depart the United States. Regarding willfulness, it has boxes checked next to two statements: "You willfully failed or refused to –" and "depart from the United States pursuant to the order." It then concluded, "Based on the foregoing, it is charged that you violated Section 274D(a) or the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1324d(a)."

21. I received the Notice of Intention to Fine on [redacted]

22. I complied with the instructions given in the Notice of Intention to Fine, and on [redacted] I submitted two copies of my sworn written defense to the fine, accompanied by documentary evidence.

23. The defenses I presented included that I had not willfully failed or refused to depart the United States because I am stateless, that I had acted in good faith and had fully complied with my Order of Supervision, and that the fine was disproportionate and excessive.

24. On [redacted] DHS issued a Final Decision to Impose Penalty.

25. The Final Decision sustained the allegation and charges, including charges not listed in the Notice of Intention to Fine.

26. Like the Notice of Intention to Fine, the Final Decision to Impose Penalty consists of checked boxes next to conclusory statements. It does not analyze or respond to the defenses I raised whatsoever.

27. Regarding willfulness, it has boxes checked next to the following statements: "The alien was subject to the final order of removal and willfully failed or refused to:" "depart from the United States pursuant to the order" and "make timely application in good faith for travel or other documents necessary for departure"; and "The alien was subject to the final order of removal and conspired to or took any action designed to prevent or hamper the alien's departure pursuant to the order." It concludes, "Based on the foregoing reasons, the alien did violate section 274D(a) of the Immigration and Nationality Act, 8 U.S.C. § 1324d(a)."

28. I timely filed an appeal of the Final Decision to Impose Penalty to the Board of Immigration Appeals on [redacted] I am still waiting for a decision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in [redacted] on the 26 day of May, 2026.

[redacted]

O.I.