# Exhibit G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; *et al.*<br><br>*Defendants*. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole<br><br>**LEAVE TO FILE GRANTED SEPT. 30, 2026** |

**DECLARATION OF A.P. IN SUPPORT OF PLAINTIFFS' MOTION TO STAY AGENCY ACTION**

I, A.P., hereby declare under penalty of perjury the following is true and accurate to the best of my knowledge:

1. My name is A.P. and I submit this declaration in support of Plaintiffs' Motion to Stay Agency Action, ECF No. 19, currently pending before the Court. I am using my initials, rather than my real name, because I fear retaliation from the government and general public if my identity were revealed.

2. I received a fine under Section 1229c.

3. In [redacted], I received an invoice from the Department of Homeland Security ("Invoice"). The Invoice advised that the Department of Homeland Security had determined that I failed to timely leave the United States after receiving a final order of removal. The Invoice demanded that I pay $3,000. I paid this fine.

4. I also received a fine under Section 1324d.

5. On [redacted], I received a Form 281, Notice of Violation and Order Under the Immigration and Nationality Act ("Notice" or "Form 281"). The Notice advised that the

Department of Homeland Security ("DHS") had determined that I was not a citizen or national of the United States; that a prior order of removal became final against me and I had "willfully refused to depart from the United States pursuant to the order"; and DHS imposed a $1,8[redacted] fine against me under 8 U.S.C. § 1324d.

6. On [redacted], my immigration counsel timely filed an Appeal of the Notice.

7. On [redacted], DHS issued a Form 281-A, Appeal Decision and Order Under the Immigration and Nationality Act ("Appeal Decision"). The Appeal affirmed DHS' imposition of a $1,8[redacted] fine against me because the Supervisory Immigration Officer determined that I was not a citizen or national of the United States; that a prior order of removal became final against me and I had "willfully refused to depart from the United States pursuant to the order," "willfully failed or refused to make a timely application in good faith for travel or other documents necessary for departure," and "willfully failed or refused to present for removal at the time and place required by the Attorney General [or Secretary of Homeland Security]." DHS advised that the Appeal Decision "constitutes final agency action," unless the DHS Secretary certifies the case for review.

8. I am a native and citizen of [redacted]. I first entered the United States in [redacted], when I was still a minor. My mother filed a Form I-881, Application for Suspension of Deportation or Special Rule Cancellation of Removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA application"). She listed me as a derivative on her NACARA Application.

9. Once I no longer qualified as a derivative on my mother's NACARA application, I filed a Form I-589, Application for Asylum and for Withholding of Removal ("asylum application").

10. In [redacted], DHS issued me a Notice to Appear, placing me in full removal proceedings.

11. The immigration judge ("IJ") denied my asylum application and granted me voluntary departure. Notably, the order stated that "penalties for failure to depart will not apply." Moreover, I was placed on an Order of Supervision with U.S. Immigration and Customs

Enforcement, to attend regular check-ins. I have and continue to comply with all of the terms of this Order of Supervision.

12. In [redacted], my United States citizen son filed a Form I-130, Petition for Alien Relative ("Form I-130" or "Petition") with U.S. Citizenship and Immigration Services. The Petition remains pending before USCIS. I understand that if USCIS approves my Form I-130, this will provide an immediate pathway for me to become a lawful permanent resident, and after five years of lawful permanent residency, I will be eligible to apply for naturalization and become a United States citizen.

13. The outstanding fine under Section 1324d is affecting me greatly because I do not know if the government will remove me from the United States. I am worried because I am the main breadwinner for my family. I pay my daughter's college tuition. When I first received the fine, I was very sad and stressed because I have spent many years here, and I am scared to be separated from my children. I also worry because I have bills that I have to pay in the United States. I have done everything right since coming to the United States. I file and pay my taxes every year. I have never had a single interaction with the police or law enforcement.

14. The fine is also impacting my children and wife significantly. My children know about the fine, and they are sad because they cannot do anything to help me. My wife is also sad about our potential separation, and she worries about how we will pay for our home if I am removed because it is a lot of money.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in [redacted] on the 12th day of June 2026.

[redacted]