UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE FOR PLAINTIFF OSCAR N. AND NON-PARTIES M.G. AND G.G. TO PROCEED UNDER PSEUDONYM, TO EXTEND THE PROTECTIVE ORDER TO THEIR PERSONALLY IDENTIFIABLE INFORMATION, AND TO FILE OSCAR N.'S PERSONALLY IDENTIFIABLE INFORMATION UNDER SEAL AND *EX PARTE***

Plaintiffs' requested relief—(1) allowing Plaintiff Oscar N. as well as M.G. and G.G. (non-party members of Plaintiff Coalition for Humane Immigrant Rights ("CHIRLA")) to proceed under pseudonym; (2) extending the relevant protective orders to ensure Oscar N., M.G., and G.G.'s personally identifiable information ("PII") is treated as Highly Confidential; and (3) allowing Plaintiffs to file under seal and *ex parte* the unredacted version of Oscar N.'s declaration—is consistent with the Court's prior orders regarding similarly situated individuals. The Court has already granted similar relief to the original individual Plaintiffs Maria L. and Nancy M. as Plaintiff Oscar N. is requesting here. *See* ECF No. 40 (granting Plaintiffs' motion for a protective order); ECF No. 74 (granting Plaintiffs' motion for leave to proceed by pseudonym and motion for leave to file under seal). And the Court has extended similar protections to non-party declarants as M.G. and G.G. are seeking here. *See* ECF No. 108. Extending these protections to Oscar N., M.G., and G.G. is also necessary here because they reasonably fear that disclosure of

their identity to the public, or to Defendants beyond the counsel responsible for this litigation, will expose them to retaliatory actions, including but not limited to detention and removal.

**BACKGROUND**

Plaintiffs Maria L., Nancy M., and the Immigrant Legal Resource Center filed this action on November 20, 2025. ECF No. 1. On November 24, 2025, Plaintiffs Maria L. and Nancy M. moved for leave to proceed under pseudonyms and for an order treating their real names and PII as highly confidential and subject to an Attorneys' Eyes Only designation. ECF Nos. 4, 5. Defendants did not oppose that motion. ECF No. 30, ¶ 3.

On December 9, 2025, Plaintiffs moved for class certification and for a stay of agency action. ECF Nos. 19, 21. In support of those motions, Plaintiffs Maria L. and Nancy M. filed redacted declarations on the public docket and submitted unredacted versions of those declarations to the Court *ex parte*, along with a motion to seal the declarations. ECF No. 23. Defendants did not oppose the motion to seal.

Plaintiffs then moved for entry of a protective order. ECF No. 30 (cover motion); ECF No. 30-1 (proposed Protective Order Regarding Plaintiff Identities) (the "Protective Order"). The Protective Order states that "Plaintiffs reasonably fear retaliatory detention and deportation if their personal identifying information ('PII'), and other identifying information, is not treated as Highly Confidential Information," ECF No. 30-1, ¶ 1, so "Plaintiffs' PII and all information that may be used to identify Plaintiffs shall be considered Highly Confidential Information," *id.* ¶ 2. The Protective Order generally prohibits counsel for Defendants from disclosing this Highly Confidential Information, but three categories of people can review this information: "(a) Counsel for Defendants (and agents of such counsel) who have responsibility for this litigation (Case No. 1:25-cv-13471 (D. Mass.)); (b) The Court and its personnel; [and] (c) Other persons only by prior

written consent of Plaintiffs or upon order of the Court on such conditions as may be agreed or ordered," so long as these individuals sign Exhibit A to the Protective Order and agree to be bound by it. *Id.* ¶ 4. "For the avoidance of doubt, in no event may the information disclosed to any individual be used for purposes of immigration enforcement—i.e., detention and/or deportation—against Plaintiffs." *Id.* Defendants stated they "do not oppose Plaintiffs' Motion for Protective Order or the proposed Protective Order contained therein." ECF No. 38.

On January 9, 2026, the Court granted Plaintiffs' motion for a protective order. ECF No. 40. And on May 14, 2026, the Court granted Plaintiffs' motion to proceed under pseudonyms and Plaintiffs' motion to file under seal and *ex parte*. ECF No. 74.

Defendants later moved, over Plaintiffs' opposition, to modify the Protective Order. ECF No. 77. Defendants asked the Court to expand Paragraph 4(a) of the Protective Order to allow any agency attorneys and non-attorney agency personnel to access Plaintiffs' PII and to remove the requirement in Paragraph 4(c) that individuals at DOJ or other Defendant agencies who wish to access Plaintiffs' PII must first sign Exhibit A to the Protective Order and agree to be bound by it. *See id.* The Court denied Defendants' motion on September 30, 2026. ECF No. 106.

Separately, on June 16, 2026, Plaintiffs moved to supplement the record with seven declarations from non-parties. ECF No. 81. Plaintiffs also moved for leave to allow the declarants (who were not plaintiffs in this matter) to proceed using their initials rather than their full names, and to enter a protective order deeming any PII of the declarants as highly confidential information subject to an "Attorneys' Eyes Only" designation. ECF No. 83 (cover motion); ECF No. 83-1 (Proposed Protective Order Regarding Non-Party Identities) (the "Non-Party Protective Order"). Defendants did not oppose Plaintiffs' motion to file these declarations under pseudonym, although they did oppose Plaintiffs' motion for a protective order for these declarants for the same reasons

that Defendants moved to modify the Protective Order. *See id.* at 1. Plaintiffs also moved to file the declarations under seal and *ex parte*. ECF No. 85. The Court granted Plaintiffs' requests. ECF No. 108 (granting ECF No. 83); ECF No. 109 (granting ECF No. 85).

Plaintiffs filed a motion for leave to file the FAC on November 6, 2026. ECF No. 120. The FAC adds Oscar N. as an individual Plaintiff and proposed class representative. Oscar N. was one of the individuals who submitted a declaration to supplement the record. Like Plaintiffs Maria L. and Nancy M., Oscar N. is a noncitizen whom U.S. Immigration and Customs Enforcement ("ICE") has fined under the Blanket Fine Policy for an alleged failure to depart. And like Maria L. and Nancy M., Oscar N. fears retaliation from the government and general public if his identity were revealed. ECF No. 123-2, Oscar N. Decl. ¶ 1.

The FAC also identifies two members of an associational Plaintiff, the Coalition for Humane Immigrant Rights ("CHIRLA"): M.G. and G.G. FAC ¶¶ 222; *see Draper v. Healey*, 827 F.3d 1, 3 (1st Cir. 2016) ("[T]o assert associational standing on behalf of its members, . . . requires, among other things, that at least one of the group's members have standing as an individual. To satisfy this requirement, the association must, at the very least, identify a member who has suffered the requisite harm." (cleaned up)). M.G. and G.G. submitted a petition for humanitarian immigration relief in early 2026 because they were victims of a violent crime. FAC ¶ 222; ECF No. 123-1, Salas Decl. ¶ 15. That petition is still pending. Salas Decl. ¶ 15. Later in 2026, due to an error outside of their control, they missed a hearing in their immigration court proceeding, and the immigration judge issued an order of removal in their absence. *Id.* Under Defendants' Blanket Fine Policy, embodied in the Final Rule, they are now at imminent risk of receiving a fine under Section 1324d in the amount of $998 per day.

## ARGUMENT

### I. Plaintiff Oscar N. and Non-Party CHIRLA Members M.G. and G.G. Should Be Permitted to Proceed Under a Pseudonym.

"A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 72 (1st Cir. 2022) ("MIT"). Anonymity is ordinarily warranted in certain "paradigms," including (1) cases involving a would-be Doe "who reasonably fears that coming out of the shadows will cause him unusually severe harm," (2) "cases in which identifying the would-be Doe would harm "innocent non-parties," and (3) and "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.* at 71 (quotation omitted). These paradigms are "generalities," and the Court "enjoys broad discretion" in striking the balance. *Id.* at 72.

Plaintiff Oscar N.'s and CHRILA members M.G. and G.G.'s circumstances fall squarely within these *MIT* paradigms—the same paradigms that justified pseudonymity for Maria L. and Nancy M., *see* ECF No. 5 at 4–8 (applying *MIT* paradigms to Maria L. and Nancy M.), as well as the non-party declarants, *see* ECF No. 84 at 2–5 (applying *MIT* paradigms to declarants).

*First*, Oscar N., M.G., and G.G.'s reasonable fear of "extraordinary retaliation, such as deportation, arrest, and imprisonment," supports pseudonymity. *MIT*, 46 F.4th at 71 (quotation omitted). Courts in this District have recognized that a fear "that disclosing [an] identity will cause the United States government to retaliate against him in immigration proceedings" is grounds for proceeding pseudonymously. *Doe v. Noem*, 2025 WL 990635, at *2 (D. Mass. Apr. 2, 2025) ("*Doe*"). Despite taking proper pathways to legal status, Oscar N., M.G., and G.G. are all subject to final orders of removal. Oscar N. Decl. ¶ 15; FAC ¶ 185; Salas Decl. ¶ 15. Oscar N. was assessed fines exceeding $1.8 million for remaining in the country under the Interim Final Rule that

Plaintiffs are challenging, while M.G. and G.G. face the prospect of similar fines under the Final Rule. Oscar N. Decl. ¶ 7; Salas Decl. ¶¶ 15–16. Defendants have publicly stated that people in their position face being "arrested[] and deported without a possibility to return legally." ECF No. 5 at 5 (collecting statements); ECF No. 84 at 4–5. As another court explained, such a "fear of retaliation is not speculative; the news is replete with reports of deportations." *CASA, Inc. v. Trump*, 2025 WL 2263001, at *13 (D. Md. Aug. 7, 2025); *see also* Decl. of Alina Das, ECF No. 5-1, ¶¶ 3–4 (describing the non-speculative nature of this fear).

*Second*, anonymity is necessary to avoid harm to innocent non-parties, including individuals who, like Oscar N., M.G., and G.G., are also facing excessive fines and potential deportation. For instance, requiring Oscar N. to proceed in his own name would "deter similarly situated individuals from litigating cases such as these, in which the perceived risk of proceeding without a pseudonym—deportation—is" well-founded. *Doe*, 2025 WL 990635, at *2. That concern is especially acute here, where the individual Plaintiffs seek to represent a class of civil penalty recipients, ECF No. 21, and where Defendants have repeatedly linked the penalties to arrest and removal, *see* ECF No. 5 at 5–7.

Moreover, as non-parties, M.G. and G.G. have an even "stronger case for anonymity." *MIT*, 46 F.4th at 71 (quotation omitted). The "privacy rights of . . . third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987) (quotation omitted). Because non-parties are not using the courts to litigate their own claims, they have not accepted the public scrutiny that accompanies litigation. *See* ECF No. 84 at 3 (collecting cases).

*Third*, the public interest in knowing Oscar N.'s, M.G.'s, and G.G.'s names is slight. Plaintiffs are challenging Defendants' policy or practice of imposing civil penalties without

individualized assessments of willfulness or voluntariness, and the case will turn principally on pure legal questions as to the lawfulness of that policy. The Court has already allowed two individual Plaintiffs and seven non-party declarants to proceed without public disclosure of their names. ECF Nos. 74, 108. Adding another pseudonymous Plaintiff and referencing two pseudonymous non-parties does not meaningfully alter the public's access to these proceedings.

### II. The Court Should Extend the Protective Order to Oscar N. and the Non-Party Protective Order to M.G. and G.G.

The Court may enter a protective order on a showing of good cause. Fed. R. Civ. P. 26(c). The Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Information may be so sensitive that disclosure should be limited to counsel. *See Koninklijke Philips N.V. v. Amerlux, LLC*, 167 F. Supp. 3d 270, 272–74 (D. Mass. 2016) (permitting three specified in-house attorneys to access materials designated Attorneys' Eyes Only but refusing "to extend access to [other] attorneys not of record in this proceeding"). An Attorneys' Eyes Only designation is appropriate when the information is highly sensitive, disclosure would create a substantial risk of harm, and the restricted party's ability to litigate is not unduly hampered. *See United States v. Swartz*, 945 F. Supp. 2d 216, 221 (D. Mass. 2013) ("[I]ndividuals connected to the investigation have suffered incidents of harassment and retaliation. …. Those identified threats demonstrate a strong risk that any individuals newly named in the discovery materials face potential reprisals and that their interests strongly support redaction of such identifying information"); *see also Koninklijke*, 167 F. Supp. 3d at 272. Each of those conditions is satisfied for Oscar N. (for the same reasons the Court has already accepted as to Maria L. and Nancy M.), *see* ECF Nos. 40, 74, and for M.G. and G.G. (for the same reasons the Court has already accepted as to earlier non-party declarants), *see* ECF No. 108.

*First*, their PII is highly sensitive: it consists of their identity and immigration history, the same categories already protected under the Protective Order and the Non-Party Protective Order. *Second*, disclosure beyond counsel responsible for this litigation would create a substantial risk of harm, including detention and removal. *See supra* at 5–6. *Third*, the Protective Order and the Non-Party Protective Order do not hamper Defendants' defense. Defendants' counsel responsible for this litigation will receive this PII, and any other person who reasonably needs access may obtain it by Plaintiffs' consent or Court order after agreeing to be bound by the Protective Order. Defendants have used that mechanism before to implement the Court's orders. *See* ECF No. 88 at 5–6. And because "cases challenging immigration policies tend to hinge more on 'pure question[s] of law' than on particular facts," *Benitez v. DHS*, 2026 WL 1362431, at *6–7 (E.D.N.Y. May 15, 2026), "[t]he value for Defendants in learning information about [an individual] in defending Plaintiffs' legal challenge is extremely limited," *Doe*, 2025 WL 990635, at *3.

Extending the existing protective orders also promotes consistency. There is no basis for applying different rules to Oscar N. than to Maria L. and Nancy M., nor to apply different rules for M.G. and G.G. than the prior non-party declarants.

Nor have Defendants identified any persuasive reason not to extend the protective orders here. Defendants have already litigated—and the Court has already rejected—the argument that the Protective Order's terms are unworkable. *See* ECF Nos. 77, 88, 106. Defendants also previously argued against extending the protective order to non-parties on the grounds that the fear of retaliation is undermined because other litigants elsewhere have filed civil penalty challenges in their own names. *See* ECF No. 95-1 at 6–7. The Court rejected this argument when it granted Plaintiffs' prior motion. *See* ECF No. 108. And for good reason: that some individuals have risked public disclosure does not make Oscar N., M.G., or G.G.'s fear unreasonable.

### III. Plaintiffs Should Be Allowed to Submit the Declaration of Oscar N. Under Seal and *Ex Parte*.

Upon a showing of "good cause," the Court may impound materials "until further order of the court … and restricted from public access." Local Rule 7.2(a). While court filings are presumptively public, "the public's right to access … is not unfettered." *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). "[W]hen a party requests a seal order, … a court must carefully balance the competing interests that are at stake in the particular case." *Id.* Where there is "potential harm" to the party, the balance may favor sealing. *See Dahl v. Bain Capital Partners, LLC*, 891 F. Supp. 2d 221, 225 (D. Mass. 2012).

Oscar N.'s declaration contains information—such as his true name and signature—that would reveal his identities and subject him to significant harm, including detention and removal from the United States. Plaintiffs seek to redact only this identifying information to protect him against significant potential harm if his identity were to be revealed.

Plaintiffs request e*x parte* treatment only on an interim basis, consistent with their request to limit disclosure of Oscar N., M.G., and G.G.'s PII to counsel for Defendants litigating this case. This is the same procedure the Court approved for the original individual Plaintiffs and for seven non-party declarants. *See* ECF Nos. 23, 37, 74 (Plaintiffs Maria L. and Nancy M.); ECF Nos. 85, 109 (non-party declarants). Once the Court enters the requested protective orders, Plaintiffs will provide Oscar N.'s unredacted declaration and the identity of Oscar N., M.G., and G.G. to counsel for Defendants within two business days, to be treated as Highly Confidential Material under ECF No. 30-1 or ECF No. 83-1, as applicable.

Nor will interim *ex parte* treatment prejudice Defendants. Defendants previously opposed *ex parte* submission on the ground that it would impair their ability to respond. ECF No. 94-1 at 2–6. But Plaintiffs do not ask the Court to decide any disputed issue based on information withheld

from Defendants. The *ex parte* period lasts only until the Court rules on the accompanying protective-order motions, after which counsel for Defendants will receive Plaintiffs' identifying information. The Court previously granted the same relief over the same objection. ECF No. 109 (granting ECF No. 85). Absent interim *ex parte* treatment, PII would be disclosed before the Court has decided who may access it—the very harm the pending motions seek to prevent.

## CONCLUSION

Plaintiffs respectfully request that the Court grant the Motion.

Dated: November 6, 2026

Respectfully submitted,

/s *Stephen Rees*
Ranganath T. Sudarshan*
Stephen Rees*
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
srees@cov.com

Hasan Shafiqullah*
Evan Henley (BBO No. 688663)
The Legal Aid Society
49 Thomas Street, Floor 5
New York, NY 10013
(212) 577-3300
HHShafiqullah@legal-aid.org
EWHenley@legal-aid.org

David Bennion*
Free Migration Project
426 E. Allegheny Ave, Unit 306
Philadelphia, PA 19134
(646) 441-0741
david.bennion@freemigrate.org

Addison Thompson*
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
athompson@cov.com

*Counsel for Plaintiffs*

Charles Moore (BBO No. 708061)
Shelby Leighton*
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 861-5226
cmoore@publicjustice.net
sleighton@publicjustice.net

Alina Das*
NYU Immigrant Rights Clinic
Washington Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430
alina.das@nyu.edu

Leila Nasrolahi*
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
lnasrolahi@publicjustice.net

Joy Chen (BBO No. 714192)
Covington & Burling LLP
One International Place, Suite 1020
Boston, MA 02110
(617) 603-8800
jchen@cov.com

* admitted pro hac vice

**CERTIFICATE OF SERVICE**

I certify that, on November 6, 2026, I caused the foregoing document to be filed via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

*/s Stephen Rees*
Stephen Rees