IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| MARIA L., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al.*,<br><br>*Defendants.* | No. 1:25-cv-13471-GAO |

**DEFENDANTS' REQUEST FOR BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF 122)**

Plaintiffs' Motion for Temporary Restraining Order ("TRO"), filed today, seeks to enjoin a Final Rule that Defendants published 23 days ago. *See Imposition and Collection of Civil Penalties for Certain Immigration-Related Violations*, 91 Fed. Reg. 65,390 (Oct. 14, 2026). ECF 122. The TRO also challenges a Ratification Notice, published 11 days ago (on October 26, 2026). The parties have discussed the possibility of a briefing schedule on Plaintiffs' Motion, *see* ECF 126, but were unable to reach an agreement.[1]

Defendants respectfully request that the Court impose a response deadline of **November 18, 2026**, and a reply deadline of **November 25, 2026**. This schedule is appropriate for multiple reasons. *First*, any "emergency" is of Plaintiffs' own making. Plaintiffs have been fully aware of the Final Rule—the principal focus of their Motion—for more than three weeks. Plaintiffs have further been aware of

[1] Plaintiffs' position is that briefing on the TRO needs to conclude before November 16, 2026, "because the Ratification Notice sets a deadline of 11/16." Plaintiffs proposed that Defendants file their Opposition in five days, on November 11, 2026 (Veteran's Day, a federal holiday) and Plaintiffs file their Reply on Friday, November 13, 2026.

the Ratification Notice for 11 days. Defendants are entitled to at least the amount of time as Plaintiffs gave themselves to prepare their Motion, under basic principles of fairness.[2] Second, the "emergency" Plaintiffs now identify—a November 16 deadline applicable to penalties issued under the *Interim* Final Rule ("IFR")—is untethered from the claims their Motion now advances. *See* ECF 123 at 22-23. A date tied to civil penalties issued under the IFR should not dictate the briefing schedule of Plaintiffs' TRO challenging the newly promulgated Final Rule and post-IFR activity. Plaintiffs' remaining irreparable harm arguments simply mirror their previous alleged harms, which Plaintiffs raised almost a year ago. ECF 20 at 18-19. *Third*, Plaintiffs' proposed briefing schedule would require Defendants to oppose Plaintiffs' Motion on a federal holiday. In addition to intruding on Veteran's Day, this would needlessly impede critical agency communication and coordination. Moreover, undersigned lead counsel is on pre-scheduled, out-of-town travel from Wednesday, November 11, through Saturday, November 14.

Finally, this is not a simple case. Plaintiffs: (i) raise a significant challenge to civil penalties under the Final Rule in this putative class action, bringing both claims under the Administrative Procedure Act ("APA") and Constitution; (ii) have moved to supplement the record with seven declarations from non-parties, ECF 81; and (iii) recently expanded their declarants yet again to additional Plaintiffs and non-parties, ECF 125. Plaintiffs have further indicated their intention to file an additional motion for class certification that accounts for the putative amended complaint. ECF 121 at 7.[3] It is not only unfair, but inefficient, to impose an incredibly rushed briefing schedule that will deprive Defendants of the opportunity to fully and thoroughly respond to Plaintiffs' many

---

[2] Defendants note that 23 days from November 6 is November 29. Defendants do not seek this timeframe.

[3] Defendants do not concede that this Court has jurisdiction over the TRO Motion, insofar as—among other things—it is predicated on an amended complaint that Plaintiffs have not yet been granted leave to file.

arguments and supporting evidence—which, in turn, will impair the Court's ability to resolve the Motion on a reasoned basis. Plaintiffs took their time to file their Motion. Defendants should have time to consider it and duly respond, so that the Court has the benefit of full, detailed briefing.

For these reasons, Defendants respectfully request that they be directed to file their Oppositon to Plaintiffs' TRO no later than **November 18, 2026**, and that Plaintiffs be given until **November 25, 2026**, to file their Reply.

Dated: November 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MARIANNE F. KIES
KRISTINA WOLFE
Assistant Branch Directors
Federal Programs Branch

*/s/ Lindsey E. Gilman*
Lindsey E. Gilman
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-3123
Email: Lindsey.E.Gilman@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Lindsey E. Gilman, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Lindsey E. Gilman*

Dated: November 6, 2026

Trial Attorney