UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA L., *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al.*<br><br>*Defendants*. | Case No. 1:25-cv-13471-GAO<br><br>Hon. George A. O'Toole |

**OPPOSITION TO DEFENDANTS' REQUEST FOR BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF 122)**

Plaintiffs respectfully submit this opposition to Defendants' request to extend their response deadline to November 18, 2026 (ECF 127). Defendants responded to the Court's stay of the Interim Final Rule ("IFR"), ECF 114, by almost immediately announcing a Final Rule with the exact same defects, *see* ECF 123-3–123-5; *see also* ECF 123 at 11–14. Then, they doubled down on their unlawful action by purporting to "ratify" all penalties issued under the IFR and requiring fine recipients to raise unspecified "claims of prejudice" by November 16, 2026, ECF 123-6 at 67326, in a flagrant violation of the Court's order staying the IFR and "all fines issued thereunder," ECF 114. Plaintiffs will be irreparably harmed by the Ratification Notice, ECF 123-6, if the Court does not act by its November 16, 2026, effective date and stop Defendants' unlawful "ratification" of their fines. Defendants' proposal would not complete briefing until more than a week after the effective date, undermining Plaintiffs' requested relief. Moreover, Plaintiffs and

Coalition for Humane Immigrant Rights' ("CHIRLA")[1] members face irreparable harm under the Final Rule, which duplicates the unlawful aspects of the IFR and creates the same injuries. The Court should adopt Plaintiffs' proposed schedule (ECF 127 n.1), with the modest adjustment described below.

*First*, Plaintiffs' proposed schedule is reasonable. Plaintiffs proposed that Defendants file their opposition on November 11, and Plaintiffs would reply on November 13. Plaintiffs selected November 11 to give Defendants an additional day to respond; however, Plaintiffs have no objection to Defendants filing their opposition on November 10, with Plaintiffs' reply due on November 12. That schedule also resolves the concern Defendants raise regarding their lead counsel's travel from November 11 through 14.

*Second*, any delay in filing was caused by Defendants' Ratification Notice, ECF 123-6, not by Plaintiffs. The Court stayed the IFR and all fines issued thereunder in an order docketed on October 5, 2026. ECF 114. Four days later, Defendants announced a Final Rule adopting the IFR with only a minor change. On October 12, Plaintiffs informed Defendants that they would challenge the Final Rule and inquired whether Defendants would stay the Final Rule. Defendants declined to stay the Final Rule. Then, on October 26, Defendants issued the Ratification Notice purporting the ratify the very fines that this Court had stayed. Plaintiffs were preparing to challenge the Final Rule when Defendants issued the Ratification Notice. Defendants then declined to stay or rescind the Ratification Notice, and so Plaintiffs were required to rework their papers to address

[1] CHIRLA is an additional plaintiff in Plaintiffs' proposed First Amended and Supplemental Complaint. ECF 122-1, which accompanied their motion for leave to amend their complaint, filed earlier today.

not only the Final Rule but also the Ratification Notice before filing their motions today. Plaintiffs were diligent, not dilatory.[2]

*Third*, as noted above, the urgent nature of this request is of Defendants' own making. Plaintiffs requested that Defendants stay or rescind the Ratification Notice. They declined. Having declined to postpone the November 16 deadline, Defendants should not be permitted to run out the clock on Plaintiffs' request to preserve the status quo. The November 16 deadline is not "untethered" from Plaintiffs' claims, ECF 127 at 2, but rather is a critical piece of the Ratification Notice, one of the two new actions challenged by Plaintiffs' proposed amended and supplemental complaint and the motion for a temporary restraining order.

*Fourth*, Plaintiffs' motion is not complicated. Because the Final Rule and the Ratification Notice suffer from the same defects as the IFR, the instant motion for a temporary restraining order largely repeats the same arguments Plaintiffs raised against the IFR and which the parties previously briefed and argued. *See* ECF 123 at 11–17.

For these reasons, the Court should deny Defendants' request and set Plaintiffs' proposed briefing schedule.

Dated: November 6, 2026

Respectfully submitted,

/s Evan Henley
Hasan Shafiqullah*
Evan Henley (BBO No. 688663)
The Legal Aid Society
49 Thomas Street, Floor 5
New York, NY 10013
(212) 577-3300
HHShafiqullah@legal-aid.org
EWHenley@legal-aid.org

Charles Moore (BBO No. 708061)
Shelby Leighton*
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 861-5226
cmoore@publicjustice.net
sleighton@publicjustice.net

[2] Plaintiffs' counsel did so under difficult circumstances. Soon after Defendants announced the Final Rule, Plaintiffs' lead counsel suffered a serious health emergency and has been unable to work for several weeks. Plaintiffs' remaining counsel team has fully covered the matter in his absence, but they note this circumstance to underscore that they have sought relief as promptly as possible.

David Bennion*
Free Migration Project
426 E. Allegheny Ave, Unit 306
Philadelphia, PA 19134
(646) 441-0741
david.bennion@freemigrate.org

Ranganath T. Sudarshan*
Stephen Rees*
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
rsudarshan@cov.com
srees@cov.com

Addison Thompson*
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000
athompson@cov.com

*Counsel for Plaintiffs*

Alina Das*
NYU Immigrant Rights Clinic
Washington Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430
alina.das@nyu.edu

Leila Nasrolahi*
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
(510) 622-8150
lnasrolahi@publicjustice.net

Joy Chen (BBO No. 714192)
Covington & Burling LLP
One International Place, Suite 1020
Boston, MA 02110
(617) 603-8800
jchen@cov.com

* admitted pro hac vice

## CERTIFICATE OF SERVICE

I certify that, on November 6, 2026, I caused the foregoing document to be served via email on all counsel of record through the CM/ECF system.

*_/s/ Evan Henley_*
Evan Henley