**"IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSSETTS**

MARIA L., *et al.*,

*Plaintiffs*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al.*,

*Defendants.*

No. 1:25-cv-13471-GAO

**DEFENDANTS' EMERGENCY MOTION TO SUSPEND DEADLINE FOR RESPONSIVE PLEADING AS TO PLAINTIFFS NOW-FILED "FIRST AMENDED AND SUPPLEMENTAL CLASS ACTION COMPLAINT" (ECF 133)**

Defendants respectfully renew their request to suspend Defendants' deadline to respond to Plaintiffs' First Amended and Supplemental Class Action Complaint (ECF 133, "Amended Complaint"), pending final resolution of Plaintiffs' "Emergency Motion for a Temporary Restraining Order and Stay of the Final Rule and Ratification of Civil Penalties and to Enforce the Court's Stay Order" (ECF 122, "Second Motion to Stay") and any subsequent Motion for Preliminary Injunction. Under the current schedule, the Second Motion to Stay—which raises issues foundational to the Amended Complaint, including the Court's jurisdiction to consider it, as well as its substantive merits—will be fully briefed one week before Defendants' November 30, 2026, responsive pleading deadline. *See* ECF 130; ECF 119.

Defendants' request is not intended to delay this case but rather is designed to ensure party efficiency and judicial economy. It is neither efficient nor productive to require Defendants to file a dispositive motion while jurisdiction over and the merits of

Plaintiffs' claims in the Amended Complaint are already squarely presented to this Court for its imminent consideration. Nor does Defendants' proposal prejudice Plaintiffs or substantially delay future proceedings. In their TRO Motion, Plaintiffs have asked the Court to adjudicate its likely jurisdiction over, and the likely merits of, the central claims in their Amended Complaint. That Motion will result in one of two outcomes. Either the Court will grant the TRO Motion (and, presumably, a follow-on Motion for Preliminary Injunction), in which case Plaintiffs will obtain the preliminary relief they seek such that this case can be proceed in the ordinary course and without needlessly expediting the complex issues it raises because the government's challenged conduct will be enjoined in the meantime. Alternatively, the Court will deny the TRO Motion (and, presumably, a follow-on Motion for Preliminary Injunction), which will signify that this case does not warrant immediate judicial relief and can, again, proceed in the ordinary course. Either way, the result of the TRO Motion (and any Preliminary-Injunction Motion) will guide both the parties in their assessment and litigation of the case moving forward so that future briefing can be tailored to the issues that remain and address the concerns raised by the Court in its forthcoming TRO ruling.

For good cause, and in the interests of party efficiency and judicial economy, Defendants request to suspend their deadline to respond to the Amended Complaint, until Plaintiffs' Second Motion to Stay (and any related PI Motion) is fully and finally resolved. Plaintiffs oppose this relief.

## BACKGROUND

Before Plaintiffs filed their Second Motion to Stay and Amended Complaint, Defendants moved to suspend their responsive pleading deadline, indicating that the

forthcoming TRO Motion would critically inform the case. ECF 118. On November 3, 2026, this Court in a Minute Entry Order granted in part Defendants' request, ECF 118, extending the deadline to November 30, 2026.[1] ECF 119. On November 6, 2026, Plaintiffs filed their Second Motion to Stay. ECF 122. Pursuant to the Court's November 10, 2026, Order, following the parties' proposed briefing schedules, Defendants filed their Opposition on November 16, 2026, ECF 131, and Plaintiffs have until November 23, 2026, to file their Reply, due a week before Defendants' current responsive pleading deadline. This Court also granted Plaintiffs' request for leave to file an Amended Complaint, which was still pending at the time Plaintiffs filed their TRO Motion. ECF 130. Plaintiffs subsequently filed their Amended Complaint on November 18, 2026, two days after Defendants had opposed the Motion. ECF 133.

## **ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court may therefore expedite or stay proceedings in its discretion through "the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, 86 F. Supp. 3d 35, 36 (D. Mass. 2015) (citing *Landis*, 229 U.S. at 254–55). Courts may stay a suit "pending resolution of another which, 'even if it should not dispose of all the questions involved, would certainly narrow the

[1] As Plaintiffs *filed* their Amended Complaint on November 18, 2026, ECF 133, Defendants understand that the fourteen-day deadline to respond as outlined under Fed. R Civ. P 15(a)(3) would fall on December 2, 2026, but defer, conservatively, to the Court's November 30, 2026, deadline, as the current deadline to respond to Plaintiffs' Amended Complaint. ECF 130.

issues in the pending cas[e] and assist in the determination of the questions of law involved.'" *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (quoting *Landis*, 299 U.S. at 253–54, 57). Defendants invoke this well-settled authority in their request to suspend their responsive pleading deadline. Although these cases often involve parallel proceedings, the same principles apply here.

## I. Suspending Defendants' Responsive Deadline Promotes Judicial Economy.

In this case, suspending Defendants' responsive pleading deadline pending resolution of Plaintiffs' Second Motion to Stay directed to the Final Rule and Ratification Notice will conserve party resources and promote judicial economy. *See Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 254 (D. Mass. 1999) ("Allowing this case to go forward in tandem with [another] would consume a great amount of judicial, administrative, and party resources." (internal quotations omitted)).

The pending issues are significant. Plaintiffs have added an individual Plaintiff, Oscar N., and asserted associational standing on behalf of new organization the Coalition for Humane Immigrant Rights ("CHIRLA"). Am. Compl. at 8–11. Defendants dispute in their Opposition that the new (or already existing) Plaintiffs have standing to challenge the Final Rule and Ratification Notice. ECF 131. Plaintiffs also raise several challenges to the Final Rule and Ratification Notice under the Administrative Procedure Act ("APA"). *See* Am. Compl. The claims attacking the Final Rule are not identical to the previous IFR challenges and require an analysis of the newly promulgated rule. *Compare* Am. Compl. at 12 (referencing, *inter alia*, ICE guidance that has now been provided to the Court and challenging Defendants' reference in the Final Rule to aliens' reviewing warnings to pay civil penalties in immigration proceeding) *with* ECF 1 (Compl.) (neither challenge

referenced). The claims challenging the Ratification Notice, issued in late October 2026, are also new to the case. *Compare* ECF 123 at 17-18, *with* ECF 1, 19 (no reference).

Accordingly, the Court's ruling on Plaintiffs' Second Motion to Stay will likely narrow the issues and inform which defenses Defendants raise in a motion to dismiss: a process that would require more than the handful of days that would be available even were the Court to rule immediately upon the close of TRO briefing. Further, suspension avoids needlessly duplicative briefing and preserves party and judicial resources. As is now much more evident in the face of the filed TRO Motion, staying Defendants' responsive pleading deadline would allow Defendants (and Plaintiffs) to incorporate the Court's ruling and reasoning on Plaintiffs' Second Motion to Stay, benefiting all and streamlining future litigation in this case. The Court accepted this reasoning when it granted Defendant's prior request for an extension of time to respond to Plaintiffs' original complaint, *see* ECF No. 50, and should do so again here.

## II. Deferring the Response Deadline Would Not Prejudice or Burden Plaintiffs.

This request is not intended to delay or disrupt proceedings but ensure a process that best informs future litigation. Plaintiffs benefit from avoiding expending unnecessary time, resources, and expenses responding to a motion to dismiss as the Court resolves Plaintiffs' Second Motion to Stay, and all parties (and the Court) would benefit from avoiding supplemental motion-to-dismiss briefing that could well be necessitated if Defendants move to dismiss on November 30, before Plaintiffs' demand for emergency relief is resolved or can be accounted for.

There is no prejudice to Plaintiffs from the suspension Defendants request. The Court may grant Plaintiffs' Motion for TRO (and any Preliminary-Injunction Motion),

which would temporarily enjoin the Final Rule and Ratification and provide Plaintiffs the interim relief they claim to need during the pendency of this litigation. (Indeed, the IFR is stayed under 5 U.S.C. § 705, so any concerns Plaintiffs have related to its status are already protected. ECF 113, 114.) Or, the Court may deny Plaintiffs' Motion for TRO (and any Preliminary-Injunction Motion), thus establishing that no one in this case needs to proceed on an extremely expedited timetable. Either way, Defendants should not be forced to file a duplicative motion in the immediate future, consuming (needlessly) substantial resources from the government, Plaintiffs, and the Court. There is no legitimate reason to rush this process, and many reasons not to.

## CONCLUSION

For these reasons, the Defendants respectfully request that the Court suspend their deadline to respond to the Amended Complaint until final resolution of the Plaintiffs' Second Motion to Stay. Within fourteen (14) days of the Court's resolution of that motion or any ensuing Motion for Preliminary Injunction (whichever is later), the parties will file a status report proposing a briefing schedule for Defendants' motion to dismiss the Amended Complaint.

Dated: November 20, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

KRISTINA A. WOLFE
MARIANNE F. KIES
Assistant Directors
Federal Programs Branch

*/s/ Lindsey E. Gilman*
LINDSEY E. GILMAN (AZ Bar No 034003)
ALEXANDER SEVERANCE (KS Bar No 27618)

Trial Attorneys
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-3123
Email: lindsey.e.gilman@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Lindsey E. Gilman, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Lindsey E. Gilman*
Lindsey E. Gilman
Trial Attorney

Dated: November 20, 2026